■ PARAMOUNT COMMUNICATIONS, INC., Plaintiff, v GIBRALTAR CASUALTY COMPANY et al., Defendants. PARAMOUNT COMMUNICATIONS, INC., Respondent-Appellant, v SALVATORE CURIALE, Superintendent of Insurance of the State of New York, as Administrator of the New York Property/Casualty Insurance Security Fund, Appellant-Respondent. [605 NYS2d 44] — Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered July 20, 1992, which, *inter alia,* annulled the determination of respondent Superintendent of Insurance that petitioner's claim did not arise in New York, and adjudged that the claim meets the requirements of Insurance Law § 7602 (g) and § 7603 (a) (1) (B) for access to the State Property/Casualty Insurance Security Fund, unanimously affirmed, without costs.

We agree with the IAS Court's alternative conclusion that since the insured product was shipped by common carrier FOB place of destination in New York, it should be deemed to have left the seller's hand and entered the stream of commerce *(see generally, Matter of Snyder Tank Corp. v Superintendent of Ins. of State of N. Y.,* 140 Misc 2d 702, 705, *affd* 150 AD2d 992, *lv denied* 75 NY2d 704) only upon delivery to the purchaser within the State of New York. Absent any explicit

statutory guidance, principles of commercial law *(see,* UCC 2-319 [1] [b]; 2-509 [1] [b]; 2-401 [2] [b]), tort law *(see,* Restatement [Second] of Torts § 402A [1] [B]), and products liability law *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107) support the conclusion that, shipment from out-of-State notwithstanding, the transfer of legal control to a party who will use the product for its intended use in-State, the purchaser in this case, should define when the insurable risk comes into being.

We note that Insurance Law § 7603 (a) (2), read together with section 7602 (i), limits recovery to $1 million per claim, with one claim arising under each policy. We find no basis to construe these sections as dividing layers of excess coverage into separate policies. The layers address the same insurable risk, and only enhance risk protection as premiums are stepped up within the policy. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.