■ PARAMOUNT COMMUNICATIONS v GIBRALTAR CASUALTY Co. (And Another Action.) [623 NYS2d 850] —Motion to vacate and annul the decision and order of this Court entered on December 14, 1993 (199 AD2d 90) denied in the following memorandum.

We find that the motion of respondent-appellant-respondent, consented to by petitioner-respondent-appellant, to vacate a decision of this Court *(Paramount Communications v Curiale,* 199 AD2d 90), which affirmed an order which, *inter alia,* annulled respondent-appellant-respondent's determination that petitioner-respondent-appellant's claim did not arise in New York, should be denied.

The basis for this motion is that the parties have reached a tentative settlement of the entire matter which requires, as one of its conditions, that our decision, as well as those of the trial court, be vacated. We find that this fact alone does not entitle movant to the relief sought.

This Court has the inherent power to vacate its own order if required in the interest of justice *(see, Ladd v Stevenson,* 112 NY 325). In this case, movant argues that he is entitled to such remedy because both parties have agreed to the vacatur and because both parties decline to settle the matter without such action on the part of this Court.

The Supreme Court has recently held that Federal courts will not automatically vacate a judgment under review based solely on its mootness by reason of settlement, even where the settlement agreement calls for such vacatur *(U.S. Bancorp Mtge. Co. v Bonner Mall,* 513 US —, —, 115 S Ct 386, 393). We find the reasoning of the Court persuasive. A party who has voluntarily forfeited his legal remedy of appeal cannot thereby claim equitable entitlement to vacatur *(U.S. Bancorp Mtge. Co. v Bonner Mall,* 513 US, *supra,* at —, 115 S Ct, *supra,* at 392).

Nor are we persuaded that movant has shown entitlement to such relief by the fact that, contrary to the matter in *Bancorp,* the matter herein is not yet moot since the parties have conditioned their settlement upon this Court's compliance with their request. While we appreciate the desirability of settlement, we do not believe it would be advisable to allow private parties to demand that the Court eradicate precedent which they personally find unacceptable on threat of burden-

some litigation should the Court refuse. Moreover, we note the conclusion of the Supreme Court that, to follow a policy in which private parties could agree to vacate a decision and order by agreement would not necessarily, as a general matter, serve the purpose of encouraging settlement, as the prospect of being able to eradicate a decision should it be unfavorable could well encourage the parties to postpone settlement until after a decision has been rendered (U.S. Bancorp Mtge. Co. v Bonner Mall, 513 US, supra, at —, 115 S Ct, supra, at 393).

For these reasons we find that movant has failed to put forth sufficient reason to justify vacatur in the furtherance of justice. His motion should therefore be denied. Concur—Ellerin, J. P., Rubin and Nardelli, JJ.

Kupferman, J., dissents in a memorandum as follows: While we are in agreement that there is no rule that requires that we grant the relief the parties seek, as a matter of discretion, I would grant vacatur of our decision.

We should do what we can to further the voluntary termination of litigation unless there is good reason to do otherwise. The decision preserved by this Court's present determination is of no apparent significance other than to the parties. If it established any precedent or unveiled some new thought, I could concur with the Court.

The many articles on the subject in the wake of the Supreme Court's decision in U.S. Bancorp Mtge. Co. v Bonner Mall (513 US —, 115 S Ct 386) stress the importance of not allowing the parties to "Attempt to Control Law" (see, Bencivenga, No Automatic Vacatur, NYLJ, Dec. 8, 1994, at 5, col 2). On the other hand, proponents of granting vacatur argue that it promotes judicial economy by encouraging settlements (Newman and Ahmuty, Appellate Practice, Vacatur of Judgments in Cases Settled on Appeal, NYLJ, Dec. 7, 1994, at 3, col 1).

Here the parties inform us that they are both dissatisfied with some aspects of the decision, and I see no overarching need for a precedent.

Our Court of Appeals has not flinched from erasure (see, Matter of Park E. Corp. v Whalen, 43 NY2d 735), nor has our Court (see, Stutz v 15 W. 72nd St. Assocs., 75 AD2d 773, 774; Matter of Two Lincoln Sq. Assocs. v New York City Conciliation & Appeals Bd., 75 AD2d 751).

In California, in another context, opinions have been stricken from the official reporters. (See, Foreman v Lesher

*Communications,* 13 Cal App 4th 903, 16 Cal Rptr 2d 670; *Cox v Los Angeles Herald Examiner,* 234 Cal App 3d 1618, 286 Cal Rptr 419; *Kimura v Superior Ct.,* 230 Cal App 3d 1235, 281 Cal Rptr 691.)