■ KATHLEEN HOLDER, Respondent, v BOWERY SAVINGS BANK, INC., Appellant, et al., Defendant. [673 NYS2d 460] —In an action to recover damages for personal injuries, the defendant Bowery Savings Bank, Inc., appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered May 2, 1997, which, upon a jury verdict, awarding the plaintiff $200,000 for past pain and suffering and $200,000 for future

pain and suffering, is in favor of the plaintiff in the principal sum of $400,000.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County for a new trial on the issue of damages, with costs to abide the event.

The plaintiff sustained an avulsion fracture of the navicular of her right foot when she tripped and fell at one of the defendant's branches in February 1990. At the trial of this matter, the trial court permitted the plaintiff's medical expert to testify that, based upon his examination of the plaintiff in February 1997, it was his opinion that the plaintiff also suffered from arthritis in her right foot. The defendant contends that it was error to allow such testimony, and we agree.

It is undisputed that the first mention of an arthritic condition came at trial, that both the bill of particulars and the plaintiff's CPLR 3101 (d) expert disclosure were silent as to arthritis, and that the expert's 1993 medical report was also silent as to arthritis. It is also undisputed that no report of the February 1997 examination was given to defense counsel or that the defendant was otherwise given an opportunity to conduct further physical examinations in light of the newly alleged injury.

Moreover, the expert's bald and conclusory statement, made outside the presence of the jury and not while under oath, that arthritis was a natural result of the plaintiff's injury was insufficient to justify raising the condition for the first time seven years after the injury. Under these circumstances, the defendant was prejudiced by the admission of the testimony and a new trial as to damages is therefore warranted (*see, Ciriello v Virgues,* 156 AD2d 417; *see also, Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555).

In view of the fact that a new trial is to be held on the issue of damages, we need not reach the parties' arguments regarding the propriety of the amounts awarded for damages. Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.