■ STEVEN GARDINER, Appellant, v JULIE A. WERTHEIMER et al., Respondents. [681 NYS2d 565] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated November 12, 1997, which, upon a jury verdict, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured in an automobile accident, when the defendant Julie Ann Wertheimer, who was intoxicated, ran a stop sign and "sideswiped" his vehicle. Subsequent to the accident and unrelated to the accident, the plaintiff, a New York City Police Officer with the mounted patrol, was thrown from his horse and taken to the hospital with injuries to his back. The defendant contended that the plaintiff's injuries were the result of the fall from the horse. After a trial on damages, the jury returned a verdict, finding that the plaintiff did not suffer a serious injury as a result of the automobile accident. The derivative suit on behalf of the plaintiff's wife was discontinued prior to trial.

With respect to the plaintiff's request for a missing witness charge as to two physicians who examined him prior to trial on behalf of the defendants, but did not testify at trial, we note that the physicians' testimony would merely have been cumulative (see, Kane v Linsky, 156 AD2d 333, 334). Therefore, the trial court properly denied the plaintiff's request for a missing witness charge.

The trial court acted within its discretion in permitting Dr. Accettola to testify, even though notice was not given in a timely fashion pursuant to CPLR 3101 (d). The trial court has discretion to permit an expert's testimony where the appropriate notice is not given (see, CPLR 3101 [d]).

The plaintiff's remaining contentions are without merit or do not warrant reversal. Miller, J. P., Ritter, Copertino and Altman, JJ., concur.