[692 NYS2d 356]

In the Matter of THOMAS F. RUSKIN, Respondent, v HOWARD SAFIR, as Police Commissioner of the City of New York, Appellant.

First Department, June 24, 1999

**APPEARANCES OF COUNSEL**

*James A. Moss* of counsel (*Michael G. Albano* on the brief; *Herrick, Feinstein, L. L. P.,* attorneys), for respondent.

*Ellen Ravitch* of counsel (*Stephen J. McGrath* and *Marta Soja* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for appellant.

**OPINION OF THE COURT**

ELLERIN, P. J.

At issue on this appeal are the circumstances under which a court, upon dismissing an appeal as academic, should vacate the underlying order or judgment upon which the appeal was predicated.

The instant appeal was brought by respondent Police Commissioner to contest an order ruling inadmissible under the laws of this State certain eavesdropping evidence that had been obtained in conformance with the laws of another jurisdiction. The evidence at issue was acquired during a Federal criminal investigation in Louisiana and was sought to be used in a disciplinary proceeding against petitioner, a detective with the New York Police Department (the Department). The proceeding, brought by respondent as Commissioner of the Department, is based on charges that petitioner participated in a scheme with one Gary Lane Lowery of Louisiana to defraud various airlines.

According to the allegations upon which the charges were based, between November of 1992 and May of 1993 Henry Volentine, a neighbor of Lowery in Louisiana, used a scanner to intercept radio waves from Lowery's cordless telephone, which was not illegal under Louisiana law at the time in question. As a result of the contents of overheard conversations, Volentine came to believe that Lowery was fraudulently acquiring commercial airline tickets and contacted the local Sheriff's office. Subsequently, the FBI was contacted, and Volentine agreed to tape Lowery's cordless telephone conversations, in exchange for which Volentine received confidential informant status and was paid $750.

Based on numerous taped telephone conversations, Lowery was arrested by Federal authorities in Louisiana for allegedly participating in a conspiracy to defraud various commercial airlines. The tapes demonstrated, in effect, that Lowery would telephone the airlines, falsely represent that he was a travel agent, and obtain tickets for "customers" that he would then sell for a fraction of their worth, without paying anything to the airlines. Among the tape recordings were numerous telephone conversations between Lowery, in Louisiana, and petitioner, in New York, arranging for petitioner to pick up prepaid airline tickets at various airport ticket counters.

Upon his arrest in Louisiana, Lowery offered to provide assistance to the FBI, agreeing to testify that all of his "customers", including petitioner, had known that the tickets they were buying were obtained fraudulently from the airlines.

On September 19, 1996, based on Lowery's Grand Jury testimony, an indictment was brought against petitioner in the Western District of Louisiana Federal Court charging that petitioner conspired with Lowery to fraudulently obtain airline tickets through telephone conversations, in violation of Federal law. As soon as this indictment was returned, respondent-appellant brought the instant disciplinary proceeding against petitioner charging him with violating Department regulations based on the same allegations upon which the indictment was based.

After a Departmental inquiry, further proceedings on the disciplinary matter were held in abeyance pending resolution of the Federal charges. In March 1997, the Federal District Court in Louisiana before which the indictment against petitioner was pending granted his motion to suppress both the tapes and the testimony of witnesses who were parties to the taped telephone conversations pursuant to Federal law.

The Department prosecutor thereupon advised the presiding officer that, because the tapes had been suppressed by the Louisiana Federal District Court, the Department would not offer the tapes themselves as evidence. However, he asserted that the Department still intended to call as witnesses Lowery, Ramona Ridge, who allegedly introduced petitioner to Lowery, FBI Agent Daniel Westcott and a case officer from the Department's Internal Affairs Bureau who had been monitoring the Federal criminal case.

Petitioner then brought the instant motion for a preliminary injunction, arguing that the Department should be precluded not only from using the tapes but from hearing any testimony of witnesses who were parties to the taped telephone calls or whose identity was derived from the taped telephone calls. Although, after this motion was brought, the Louisiana Federal District Court's order suppressing the tape recordings was reversed by the United States Court of Appeals for the Fifth Circuit in an unpublished opinion (*United States v Ruskin*, 145 F3d 360),* the motion court in this matter nevertheless granted the preliminary injunction suppressing "all recorded telephone

---

* On June 28, 1998, the Louisiana Federal District Court granted petitioner's motion for a stay of the Federal trial pending resolution of

conversations pertaining to discounted airline tickets between Lowery and anyone else and all information derived therefrom including, but not limited to, testimony of Lowery, FBI Agent Daniel Westcott, Ramona Ridge and anyone from the Police Department's Internal Affairs Unit who has been monitoring this case." (*Ruskin v Safir,* 177 Misc 2d 190, 195.)

Respondent appealed. However, after the appeal was heard, but before it was decided, petitioner informed this Court that he had voluntarily resigned from the Police Department. According to respondent, this action on petitioner's part was completely unilateral. Both parties agree that the appeal is therefore rendered academic and should be dismissed. Respondent, however, argues that we should also vacate the order of the trial court holding that the evidence was inadmissible, since respondent was deprived of its opportunity to argue on appeal that such decision was wrong and to eradicate any precedential effect it will thereby have.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal." (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713, citing *Self-Insurer's Assn. v State Indus. Commn.,* 224 NY 13, 16; *California v San Pablo & Tulare R. R. Co.,* 149 US 308, 314.)

In accord with this principle, it is the general policy of the courts of this State where an appeal has been rendered moot to simply dismiss the appeal (*see, e.g., Matter of Roadway Express v Commissioner of N. Y. State Dept. of Labor,* 66 NY2d 742; *Matter of Barbara C.,* 64 NY2d 866; *Wisdom v Wisdom,* 111 AD2d 13). However, on occasion, such dismissal has been accompanied by vacatur of the order appealed. The decision that vacatur is appropriate in such a matter is a discretionary one (*see, Paramount Communications v Gibralter Cas. Co.,* 212 AD2d 490), and in many cases the vacatur has not been accompanied by an explanation of the court's reasons (*see, e.g., Matter of Park E. Corp. v Whalen,* 43 NY2d 735; *Wilmerding v O'Dwyer,* 297 NY 664; *see also,* Karger, Powers of the New York Court of Appeals § 71 [a], at 435 [3d ed] ["there seems to be no uniform pattern for determining when a disposition of

petitioner's application for a writ of certiorari to the United States Supreme Court, which was subsequently denied (*Ruskin v United States,* 525 US 878).

that kind will be made and when, instead, the appeal will simply be dismissed"]).

A situation in which the Court of Appeals has held that vacatur is appropriate is where an intervening decision has been rendered in a separate matter that is relevant to the matter at hand. Thus, for example, in *Matter of Hearst Corp. v Clyne* (50 NY2d 707, *supra*), the Court of Appeals, after finding that the matter was moot, determined to dismiss the entire action, rather than just the appeal, where "the Appellate Division had no opportunity to consider the matter in light of our decision in [*Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430]" (at 718), which had been decided after the Appellate Division decision in *Hearst*, and which had substantial apparent relevance to the matters at issue in that case.

Similarly, in *Matter of Adirondack League Club v Board of Black Riv. Regulating Dist.* (301 NY 219), the Court of Appeals reversed the Appellate Division and remitted the matter back to Special Term for dismissal. Although the Court did not specifically rely on an intervening change in the law, it is clear from its opinion that, in fact, after the Appellate Division had entered a decision, a statute had gone into effect that strongly impacted on the central issue decided by the Appellate Division and rendered the issues before the Court moot.

Although respondent-appellant cites to these principles in support of its argument for vacatur, the exception set forth in those matters is inapplicable to the instant matter. Respondent-appellant does not contend that the validity of the motion court's order was affected by a subsequent change in the law, but that it was incorrect based on the principles in effect when it was made.

In determining whether vacatur is warranted under the particular circumstances before us, reference to decisions of the United States Supreme Court on this issue is most instructive. In the seminal case of *United States v Munsingwear, Inc.* (340 US 36), dealing with a suit for injunctive relief that had become moot while on appeal because the regulations in issue had been annulled by an Executive Order, the Supreme Court directed that the decision be vacated for mootness and, in dicta, broadly opined that the established practice for dealing with a case that becomes moot on appeal "is to reverse or vacate the judgment below and remand with a direction to dismiss" (at 39). Notwithstanding the Court's broad generalization as to the manner in which to deal with mootness on appeal, whatever its genesis, the precise holding in *Munsingwear* was

directed to mootness due to a change in the law or "happenstance" (*supra,* at 40), that is, where the controversy has "become moot due to circumstances unattributable to any of the parties" (*Karcher v May,* 484 US 72, 83).

The expansive dicta in *Munsingwear* gave rise to a sharp split among the circuits as to whether vacatur of the underlying decision was appropriate where the appeal was rendered moot by causes other than an intervening change in the law or happenstance, particularly by settlement of the matter during the pendency of the appeal (*see,* Newman and Ahmuty, Appellate Practice, *Vacatur of Judgments in Cases Settled on Appeal,* NYLJ, Dec. 7, 1994, at 3, col 1).

The uncertainties in this area were largely resolved by the decision in *U.S. Bancorp Mtge. Co. v Bonner Mall Partnership* (513 US 18). In that decision the Supreme Court reaffirmed the dictum in *Munsingwear* "that mootness by happenstance provides sufficient reason to vacate" (at 25, n 3), emphasizing that the equitable nature of vacatur dictated such result since "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment" (at 25). On the other hand, the Court indicated that the equitable nature of vacatur generally militated against such relief where mootness resulted from settlement since under such circumstances "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur" (*supra,* at 25). This Court, in *Paramount Communications v Gibralter Cas. Co.* (*supra,* 212 AD2d 490), similarly held that "[a] party who has voluntarily forfeited his legal remedy of appeal cannot thereby claim equitable entitlement to vacatur" (citing *U.S. Bancorp Mtge. Co. v Bonner Mall Partnership, supra,* at 25).

In *U.S. Bancorp,* the Supreme Court emphasized that the predominating factor in disposing of moot cases in the manner " ' "most consonant to justice" ' " is " 'the nature and character of the conditions which have caused the case to become moot' " (513 US, *supra,* at 24). Indeed, it clearly noted that the "principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action" (*supra,* at 24). Thus, the Court favorably commented on decisions which remanded moot cases for dismissal " 'when without any fault of the [petitioner] there is no power to review * * * on the merits' " (*supra,* at 25), and *"when mootness results from unilateral action of the party who*

*prevailed below" (supra,* at 25, citing *Walling v James V. Reuter, Inc.,* 321 US 671, 675 [emphasis added]).

The foregoing precedents make clear that it would be inequitable to permit a party to benefit from an order or judgment in its favor when it has deliberately frustrated appellate review of that determination. The instant matter presents the precise situation in which a litigant, through his own deliberate act, has prevented appellate review of an order favorable to him. The parties are in agreement that petitioner unilaterally rendered the matter academic by resigning from the Department, and there is not the slightest showing that the parties settled the matter or that petitioner was afforded any benefit by respondent in exchange for his resignation. Thus, while petitioner abandoned his desired outcome in this matter by resigning, he prevented this Court from reviewing an order that was in his favor. Under such circumstances, we find that the underlying order should be vacated.

Accordingly, the appeal from the order, Supreme Court, New York County (Louis York, J.), entered on or about June 18, 1998, granting the motion of petitioner for a preliminary injunction suppressing eavesdropping evidence in the underlying disciplinary proceeding, should be dismissed, without costs, the order vacated and the proceeding dismissed.

Williams, Mazzarelli and Saxe, JJ., concur.

Appeal from order, Supreme Court, New York County, entered on or about June 18, 1998, dismissed, without costs, the order vacated and the proceeding dismissed.