■ Roger P. Klempner et al., Appellants, v Raffaele Leone, Individually and Doing Business as Pine Hollow Commons, Respondent, et al., Defendant. [715 NYS2d 743] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 6, 1999, which, upon a jury verdict, is in favor of the defendant Raffaele Leone, individually and d/b/a Pine Hollow Commons, and against them dismissing the complaint insofar as asserted against him.

Ordered that the judgment is affirmed, with costs.

The plaintiffs allege that the defendant landlord negligently maintained the furnace in their apartment which emitted an excessive amount of carbon monoxide, exacerbating the injured plaintiff's asthma condition. The plaintiffs contend that the landlord violated CPLR 3101 (d) and 22 NYCRR 202.17 by having his medical witness testify in contradiction to the medical report supplied to the plaintiffs.

Absent a showing of good cause, a medical expert's testimony should be precluded if it contradicts the facts and opinions in his or her medical report or discusses a condition or ailment not mentioned in the report (see, Gregory v Mulligan, 266 AD2d

344; *Holder v Bowery Sav. Bank*, 250 AD2d 813). However, the landlord's medical expert did not contradict himself when he stated that the injured plaintiff's carbon monoxide exposure was not causally related to the exacerbation of her asthma condition. His medical report stated that environmental factors may have been causally related to the exacerbation of her condition, but never specifically mentioned that the carbon monoxide exposure was one of those environmental factors. Thus, the trial court providently exercised its discretion in allowing the testimony.

The plaintiffs claim that the trial court erred in not allowing evidence that other furnaces in the apartment complex had malfunctioned. However, the landlord conceded that he had not regularly maintained the furnace at issue, that it had malfunctioned, and that it was emitting carbon monoxide. That concession made the evidence of other furnaces malfunctioning unnecessary, because the plaintiffs did not have to prove the existence of the dangerous condition of the object which caused the accident (*see, Klatz v Armor El. Co.*, 93 AD2d 633; Prince, Richardson on Evidence § 4-622 [Farrell 11th ed]). Thus, the trial court providently exercised its broad discretion in determining the materiality and relevance of the proposed evidence (*see, Hyde v County of Rensselaer*, 51 NY2d 927). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.