■ ZENOBIA MATSZEWSKA, Respondent, v SOFYA GOLUBEYA, Appellant. [742 NYS2d 309] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Belen, J.), dated October 17, 2000, which denied her motion, inter alia, to set aside the jury verdict on the issue of damages, and (2) a judgment of the

same court, entered February 26, 2001, which, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $317,178.34.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court properly precluded the testimony of her medical expert. In his report, which was provided to the plaintiff in accordance with 22 NYCRR 202.17 (c), the defendant's expert concluded that the plaintiff's preexisting arthritis was not related to and would not have any effect on her recovery. At trial approximately four months later, the defendant claimed that there was an error in the report and sought to elicit testimony from the expert that the plaintiff's preexisting arthritis would affect her recovery. Because this contradictory testimony surprised and would have prejudiced the plaintiff, and the defendant failed to demonstrate good cause for its admission, the Supreme Court properly excluded the testimony (*see Gregory v Mulligan,* 266 AD2d 344; *Kirschhoffer v Van Dyke,* 173 AD2d 7; 22 NYCRR 202.17 [h]).

The Supreme Court properly permitted the plaintiff's expert to give his opinion regarding the plaintiff's injuries based, inter alia, on his examination of the plaintiff and his review of hospital records which were admitted into evidence (*see Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.,* 275 AD2d 387).

The verdict on the issue of damages did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal. Santucci, J.P., Altman, Townes and Crane, JJ., concur.