[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE PRIOR ORDER (MOTION NO. 124)
In May 1996, the Plaintiff, Ilona Smith, was struck by an uninsured vehicle owned and operated by Susan McDougall. The plaintiff was insured by the defendant, Allstate Insurance. In count one, the plaintiff alleged a claim against the defendant for breach of contract for its failure to pay her claim for uninsured motorist benefits. In count two, the plaintiff alleged a claim against the defendant for unfair insurance practice under CUIPA. In count three, the plaintiff alleged a claim against the defendant under CUTPA.
The defendant moved to strike the plaintiffs CUIPA and CUTPA claims under the rationale that a claim of bad faith settlement by an insurance company cannot be maintained until the underlying suit is resolved. On November 30, 1999, the court, Melville, J., issued a memorandum of decision in which it granted the defendant's motion to strike as to the CUTPA claim, and denied the motion as to the CUTPA claim. On December 7, 1999, the defendant filed a notice of its intent to appeal the court's ruling denying its motion to strike count three.
On March 27, 2000, the plaintiff withdrew her CUIPA claim of the compliant. On July 3, 2000, the plaintiff filed a substituted two count complaint for breach of contract (count one) and violation of CUTPA (count two).[1] On September 18, 2002, the defendant filed the present motion in which it asks the court to vacate its Memorandum of Decision concerning the defendant's motion to strike counts two and three of the plaintiffs complaint.[2] The parties have stipulated to the granting of this motion as part of a settlement agreement, though neither party has offered authority to support the motion.
This court did not find any case law in this state directly addressing this issue, however, the case law from other jurisdictions is instructive.
A. Compelled Vacatur
CT Page 981
In 1995, the New York Supreme Court, Appellate Division, was asked to decide whether the parties may by agreement compel the court to vacate its prior decisions in the case. Paramount Communications v. GibraltarCasualty Co., 623 N.Y.S.2d 850, 212 App.Div.2d 490 (1995).[3] Although the court noted that it "has the inherent power to vacate its own order if required in the interest of justice," the court held that a tentative settlement agreement requiring, as one of its conditions, that the court vacate its own decisions as well as those of the trial court, does not by itself, entitle the movant to vacatur. Id., 850. In so ruling, the court explained that it was persuaded by a United States Supreme Court decision in which the Court "held that federal courts will not automatically vacate a judgment under review based solely on its mootness by reason of settlement, even where the settlement agreement calls for such vacatur. (U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership, 513 U.S. [18, 25],115 S.Ct. 386, 393, 130 L.Ed.2d 233 [(1994)])." Id. The court reasoned: "While we appreciate the desirability of settlement, we do not believe it would be advisable to allow private parties to demand that the Court eradicate precedent which they personally find unacceptable on threat of burdensome litigation should the Court refuse." Id.
B. Vacatur on Appeal
In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18,29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the court considered whether it had authority to vacate a decision of the lower court if the parties subsequently entered into a settlement. One party opposed the motion on the ground that the court lacked such authority if the settlement "rendered [the] case moot." Id., 21. The Court noted: "The statute that supplies the power of vacatur provides: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.'28 U.S.C. § 2106." Id., 21.
"[M]ootness by reason of settlement does not justify vacatur of a judgment under review. [T]he determination [of vacatur] is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear . . . however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur. . . ." Id., 29. The Court reasoned: "Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or CT Page 982 certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that "[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.' . . . In these respects the case stands no differently than it would if jurisdiction were lacking because the losing party failed to appeal at all." (Citation omitted.) U.S.Bancorp Mortgage Co. v. Bonner Mall Partnership, supra, 513 U.S. 25. Moreover, "when federal courts contemplate equitable relief, our holding must also take account of the public interest. Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur. . . . Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would — quite apart from any considerations of fairness to the parties — disturb the orderly operation of the federal judicial system. . . . [W]e think . . . that the public interest requires [that the demands of orderly procedure] be honored when they can. " (Citations omitted; internal quotation marks omitted.) U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, supra, 513 U.S. 26-27.
"Appellate courts have the power to vacate . . . any judgment, decree, or order of a court lawfully brought before it for review." (Internal quotation marks omitted.) Microsoft Corp. v. Bristol Technology, Inc.,250 F.3d 152, 154 (2001). (See attached copy.) "Vacatur is . . . an extraordinary remedy' to be granted only in "exceptional circumstances'. . . . [E]xceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur . . . [W]hen a judgment is mooted by settlement, vacatur is usually not justified because the social value in preserving precedents is not outweighed by equitable considerations." (Citations omitted; internal quotation marks omitted.) Id.
"Vacatur is commonly utilized . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." (Internal quotation marks omitted.) In re Candace H., 259 Conn. 523, 527 n. 5,790 A.2d 1164 (2002). "Vacatur is appropriate when the public interest is served." Id., 527.
"So far as we can determine, the practice in our circuit has been to vacate district court judgments when a settlement moots the controversy."Nestle Co., Inc. v. Chester's Market, Inc., 756 F.2d 280, 283 (2nd Cir. CT Page 983 1985). The court will not, however, allow parties to use settlement as a means of manipulating the judicial system for the personal benefit of the attorneys. Keller v. Mobil Corp. , 55 F.3d 94, 98 (2nd Cir. 1995).
A judge is not required to vacate a decision filed by the court, particularly when it is not persuaded that vacatur of such a judgment on the grounds presented is prudentially sound. Manufacturers Hanover TrustCo. v. Yanakas, 11 F.3d 381, 383-84 (2nd Cir. 1993).
C. Public Policy of Settlement
"[T]he pretrial settlement of claims is to be encouraged because, in the vast number of cases, an amicable resolution of the dispute is in the best interests of all concerned. The efficient administration of the courts is subserved by the ending of disputes without the delay and expense of a trial, and the philosophy or ideal of justice is served in the amicable solution of controversies. . . . At a time when our courts confront an unprecedented volume of litigation, we reaffirm our strong support for the implementation of policies and procedures that encourage fair and amicable pretrial settlements." (Citation omitted; internal quotation marks omitted.) Schroeder v. Triangulum Associates,259 Conn. 325, 341, 789 A.2d 459 (2002).
As noted by the United States Supreme Court, however, "while the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may deter settlement at an earlier stage. Some litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur. And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal. We find it quite impossible to assess the effect of our holding, either way, upon the frequency or systemic value of settlement." U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, supra, 513 U.S. 27-28.
Neither party has argued that the court's decision was erroneous or the product of an abuse of discretion. This court has found no authority, nor was any authority presented by either party, indicating that the court must comply with this type of request. Additionally, this court is not inclined to vacate its order merely for the convenience of the parties. More importantly, this court cannot conclude that vacating its order will serve the interest of justice. Accordingly, this court adopts the rationale of the New York and federal courts infra in denying defendant's CT Page 984 motion to vacate its decision on defendant's motion to strike.
 ___________________ MELVILLE, J.