■ JANICE D. MAZUREK, Respondent, v HOME DEPOT U.S.A., INC., Appellant. (Appeal No. 1.) [757 NYS2d 425] —Appeal from a judgment of Supreme Court, Erie County (Cosgrove, J.), entered March 22, 2002, which awarded plaintiff $129,170.85, with interest, upon a jury verdict in her favor.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and a new trial is granted.

Memorandum: Defendant appeals from a judgment awarding plaintiff damages in the sum of $129,170.85 upon a jury verdict in her favor based on injuries she sustained when she slipped and fell in a puddle of water in a vestibule in one of defendant's stores. Contrary to defendant's contention, Supreme Court did not err in directing a verdict in plaintiff's favor on the issue whether the puddle of water was a proximate cause of plaintiff's accident inasmuch as there was no reasonable view of the evidence to the contrary (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315-316 [1980], *rearg denied* 52 NY2d 784 [1980]). Other factors, such as whether plaintiff was running and whether there was already water on her sandals, "while pertinent to the issue of contributory negligence, do[ ] not equate with a lack of proximate cause" (*Bucich v City of New York,* 111 AD2d 646, 648 [1985]; *see Brecht v Copper Sands*, 237 AD2d 907 [1997]). Contrary to defendant's further contention, the court properly precluded defendant's expert from testifying with respect to medical records concerning plaintiff's previous similar injuries, given the untimeliness of defendant's supplemental expert disclosure and defendant's failure to show good cause for the admission of that testimony (*see* 22 NYCRR 202.17 [h]; *see also Matszewska v Golubeya*, 293 AD2d 580, 581 [2002]). Also contrary to defendant's contention, the court did not err in allowing plaintiff to testify with respect to defendant's subsequent remedial actions in clearing the floor of water. That testimony was admissible to establish the floor's condition 5 to 10 minutes after plaintiff fell, which would permit an inference with respect to the condition of the floor at the time of plaintiff's fall (*see Gray v Siegel-Cooper Co.*, 187 NY 376, 381-382 [1907]; *see also Fasolino v Charming Shoppes*, 155 AD2d 869 [1989], *revd on other grounds* 77 NY2d 847 [1991]; Prince, Richardson on Evidence § 4-619 [Farrell 11th ed]). Although plaintiff did not plead the aggravation of a preexisting condition as an element of special damages (*see generally Ogunti v Hellman,* 281 AD2d 404, 405 [2001]; *Behan v Data Probe Intl.,* 213 AD2d 439 [1995]), defendant itself raised that issue, and thus we reject defendant's contention that the court erred in instructing the jury on that issue (*see Rubano v Koenen*, 152 Conn 134, 136-137, 204 A2d 407, 408 [1964]). Defendant's contention concerning the court's failure to charge the jury based on *Hussein v New York City Tr. Auth.* (266 AD2d 146 [1999]) is not preserved for our review and we therefore do not address it (*see Brooks v Schmidt,* 166 AD2d 897 [1990]; *see also* CPLR 4110-b).

We agree with defendant, however, that the court erred in failing to instruct the jury on the open and obvious nature of the puddle of water. It is well settled that a landowner has no duty to warn of an open and obvious dangerous condition (*see Tagle v Jakob*, 97 NY2d 165, 169 [2001]), because "in such instances the condition is a warning in itself" (*Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1073 [1992]; *see Christmann v Murphy*, 226 AD2d 1069, 1070 [1996], *lv denied* 89 NY2d 801 [1996]). Here, the court instructed the jury that it could find defendant negligent if plaintiff's presence was foreseeable and if defendant knew of the unsafe condition and had sufficient time in which to correct it or to give an adequate warning but failed to do so. Thus, based on the court's charge, the jury may have found defendant liable based on its failure to give plaintiff an adequate warning when in fact no warning would have been required if the puddle constituted an open and obvious dangerous condition (*see Tagle*, 97 NY2d at 169). Because we cannot discern from the record whether the jury found defendant liable based on the failure to give an adequate warning, we reverse the judgment, grant defendant's motion and grant a new trial.

In light of our determination that there must be a new trial, we do not address defendant's remaining contention that the jury's failure to apportion liability is against the weight of the evidence. Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.