■ DEBORAH DALRYMPLE et al., Appellants, v JOSEPH KOKA et al., Respondents. [771 NYS2d 127]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered July 30, 2002, which, upon a jury verdict, is in favor of the defendants and against them, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The injured plaintiff alleged that the defendants' malpractice in repairing a tear in her labia which occurred during the delivery of her first child resulted in partial amputation and the accumulation of scar tissue. In their expert disclosures pursuant to CPLR 3101 (d) (1) (i) the defendants asserted that their expert witnesses were (1) a graduate from State University of New York Downstate Medical School who would testify that the plaintiffs' labial injury constituted "an accepted risk of vaginal delivery" which was not caused by the defendants' treatment, and (2) a graduate of Albert Einstein College of Medicine who would testify that the injured plaintiff's condition was "an accepted risk of a vaginal delivery" which was not caused by the defendants' treatment and was exacerbated by the injured plaintiff's smoking. No mention was made of an infection or pre-existing condition.

In her opening statement at the trial, the defense counsel argued that there was "no dispute" that the defendants' efforts to repair the injured plaintiff's labia "were not successful" but "what we don't agree on is why." Defense counsel argued that the injured plaintiff's "labia was subject to poor healing because of her long-standing problems of condyloma and HPV." The plaintiffs' counsel immediately objected and specifically asserted that "there was absolutely no mention of this" theory in the expert disclosure. The defense counsel argued that this theory was "in response" to the plaintiffs' claims and was "documented" in the injured plaintiff's medical records. The trial court denied the plaintiffs' application to preclude expert testimony as to this theory, on the ground, inter alia, that the defendants' expert disclosure statements indicated that the expert testimony could address the issue of causation.

The primary issue in this case then became whether the injured plaintiff's condition was caused by condyloma or the defendants' conduct. The jury found that the defendants' conduct did not deviate from accepted medical standards and judgment was entered in their favor.

The plaintiffs contend that the jury verdict must be set aside

owing to the defendants' failure to comply with CPLR 3101 (d) (1) (i). In response, the defendants contend that their expert testimony "was no surprise to the plaintiffs since it was documented" in the medical records. However, a previously undisclosed theory is not deemed admissible merely on the ground that it is mentioned in a plaintiff's medical records (see *Mazurek v Home Depot U.S.A.,* 303 AD2d 960 [2003]).

Pursuant to CPLR 3101 (d) (1) (i), the defendants were required to disclose "in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify . . . and a summary of the grounds for each expert's opinion." The expert disclosure relating to the defendants' second expert witness indicated that the injured plaintiff's condition was "an acceptable risk of a vaginal delivery" and exacerbated by her smoking. That expert's testimony was so far removed from that description that the prejudice to the plaintiffs cannot be denied (see *Matszewska v Golubeya,* 293 AD2d 580 [2002]; *Gardiner v Wertheimer,* 256 AD2d 381 [1998]).

The defendants contend that the error was harmless since the jury found that there was no departure from accepted standards of medical practice and did not reach the issue of causation. However, in this case the issues of the defendants' alleged departure from accepted standards of medical practice and causation were so intertwined that the error cannot be deemed harmless (see *Bunting v Selesnick,* 300 AD2d 26, 27 [2002]).

In view of the foregoing, we reverse the judgment appealed from and grant a new trial. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.