■ KENNETH LISSAK et al., Appellants, v FRANCO P. CERABONA, M.D., Respondent. [781 NYS2d 337]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered March 3, 2004, which, to the extent appealed from, denied plaintiffs' application to preclude defendant Dr. Franco P. Cerabona from offering the testimony of newly proposed experts, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the application granted to the extent that defendant is precluded from offering as witnesses those experts described in CPLR 3101 (d) responses dated after January 22, 2004.

In this medical malpractice action commenced in August 1997, defendants first served expert witness notices in 2000, which plaintiffs rejected as insufficient. Following the order of July 18, 2003, which scheduled trial for February 10, 2004 and ordered defendants to complete their expert witness information exchange by October 31, 2003, defendants served expert witness

responses on November 11, 2003. These were identical to the rejected responses from 2000, except that they added an economic expert (whose designation as an expert witness was thereafter withdrawn). Plaintiffs rejected these responses as insufficient. Then, on January 22, 2004, Dr. Cerabona and the hospital served new expert witness responses reflecting an intent to call two orthopedic surgeons and an infectious disease specialist. Consistent with the previous responses, these responses reflected Cerabona's defense that all care provided by all defendants was within accepted standards of practice.

The trial of this case was adjourned from February 10, 2004 to February 19, 2004, and on February 9, 2004 a settlement was reached between plaintiffs and Dr. Trasi. Dr. Cerabona and the hospital then served a fourth set of expert responses, forwarded to plaintiffs by letter dated February 13, 2004, naming a radiologist, a new economic expert, and a pain management expert. Plaintiff objected to these notices as untimely and prejudicial.

After defendant hospital settled with plaintiffs on February 23, 2004, Dr. Cerabona served yet another set of CPLR 3101 (d) responses dated February 23, 2004. Despite the complete absence for more than six years of any cross claim or other indication that a claim would be made that plaintiff's injuries were caused solely by Dr. Trasi, these new notices asserted an intent to offer the testimony of experts who intended to assert negligence on the part of Dr. Trasi.

In response to a motion by defendant to amend the answer to include the affirmative defense of setoff and reduction in damages pursuant to General Obligations Law § 15-108, plaintiffs sought an order precluding Dr. Cerabona from presenting newly noticed expert testimony in support of a previously undisclosed theory of defense. The trial court denied plaintiffs' application, remarking on an absence of prejudice.

Initially, we consider this order to be appealable as of right; but even if it were not, we would grant leave to appeal under CPLR 5701 (c). There is no need to remand for a notice of motion and hearing; the parties fully set forth before the motion court their positions and the bases for them.

Defendant's inexcusably belated service on the very eve of trial of new CPLR 3101 (d) responses noticing new experts in support of newly raised defense theories cannot be countenanced. Like the plaintiffs in *Kassis v Teachers Ins. & Annuity Assn.* (258 AD2d 271 [1999]), Dr. Cerabona failed to demonstrate good cause for his service of the new expert witness information mere days before trial, particularly when that new information amounted to a material alteration of the theory of

defense. "[W]hen an amendment to a pleading or bill of particulars is sought at or on the eve of trial, judicial discretion in allowing such amendment should be discreet, circumspect, prudent and cautious" (*Kassis* at 272 [internal quotation marks and citations omitted]).

The proffered excuse does not rise to the level of "good cause shown" so as to avoid preclusion of the subject expert testimony under CPLR 3101 (d) (*see Klatsky v Lewis*, 268 AD2d 410, 411 [2000]). That Dr. Cerabona's counsel was unable to make an assertion of negligence against Dr. Trasi while also representing the hospital which would be vicariously liable for Dr. Trasi's actions, does not constitute such "good cause." This conflict of interest and the resulting tactics were a course charted by the defense, and the last-minute change in strategy made possible by the hospital's settlement of the claim against it should not be permitted to inure to plaintiffs' detriment.

Finally, prejudice to plaintiffs is established in that such a last-minute designation of experts interferes with plaintiffs' ability to prepare for trial. We therefore view the court's ruling in this respect to constitute an improvident exercise of discretion. Concur—Saxe, J.P., Sullivan, Marlow and Catterson, JJ.