■ MARJORIE CONROE, Respondent, v BARMORE-SELLSTROM, INC., Appellant. [785 NYS2d 629]—

Appeal from a judgment of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered October 22, 2003. The judg-

ment, upon a summary jury trial, awarded plaintiff $100,000 against defendant in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the verdict is set aside in part, and a new trial is granted on damages only.

Memorandum: In this action by plaintiff to recover for personal injuries allegedly sustained in an accident on defendant's premises, defendant appeals from a judgment entered following a "summary jury trial" conducted pursuant to special rules fashioned in the Eighth Judicial District. The judgment awards plaintiff damages in the principal sum of $100,000 on the basis of a jury verdict finding that plaintiff had sustained both past and future pain and suffering in the amounts of $100,000 each, but that plaintiff had been 50% comparatively negligent. Supreme Court denied defendant's motion to set aside the damages portion of the verdict.

We conclude that the court should have granted the motion inasmuch as it erred in admitting into evidence certain documents that set forth expert opinion but that were not disclosed by plaintiff to defendant until one day before trial. In two instances, the belatedly furnished materials took the form of physician's reports. One was the report of plaintiff's treating physician, while the other was a report of a nontreating, nonexamining radiologist who nonetheless purported to express an opinion as to the nature, extent and cause of plaintiff's injuries. Those two physicians' reports were prepared four days and one day before trial, respectively. The third item was a videotape and verbatim transcript of an unsworn, ex parte interview of another of plaintiff's treating physicians, conducted by plaintiff's investigator almost three years before disclosure.

Although the parties employed the summary jury trial procedure, the rules for summary jury trials do not alter the parties' rights or obligations of pretrial disclosure. We thus conclude that it was unfair to defendant for the court to admit the expert materials in question under the circumstances of this case. Plaintiff did not show "good cause" (CPLR 3101 [d] [1] [i]; 22 NYCRR 202.17 [h]) for soliciting the expert opinions such a short time before trial, nor for failing to disclose until the literal eve of trial such expert materials as were already in her hands (*see Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 961 [2003]; *Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271, 271-272 [1999]; *Baden v D.L. Peterson Trust*, 190 AD2d 705, 706 [1993]; *Corning v Carlin*, 178 AD2d 576, 577 [1991]). Compounding the unfairness is the fact that the belatedly disclosed expert materi-

als set forth claims of injuries not specified in either the bill of particulars or those medical records and reports previously furnished to defendant (*see Lissak v Cerabona*, 10 AD3d 308, 309-310 [2004]; *Klempner v Leone*, 277 AD2d 287 [2000]; *Gregory v Mulligan*, 266 AD2d 344 [1999]; *Kassis*, 258 AD2d at 271-272; *Holder v Bowery Sav. Bank*, 250 AD2d 813, 814 [1998]; *cf. Connors v Sowa*, 251 AD2d 989 [1998]; *Serpe v Eyris Prods.*, 243 AD2d 375, 380 [1997]; *Freeman v Kirkland*, 184 AD2d 331, 332 [1992]). Thus, allowing plaintiff to introduce those materials resulted in a significant and impermissible change of the theory of plaintiff's case (*see Lissak*, 10 AD3d at 309-310; *Acunto v Conklin*, 260 AD2d 787, 788-789 [1999]; *Kassis*, 258 AD2d at 271-272), thereby significantly prejudicing defendant. Under the circumstances of this case, a new trial is warranted concerning the extent of the damages suffered by plaintiff as a result of the accident (*see Holder*, 250 AD2d at 814; *see also Gregory*, 266 AD2d at 345). We therefore reverse the judgment, grant the motion, set aside the verdict in part, and grant a new trial on damages only. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.