■ JACQUELYN WOLFER et al., Appellants, v 184 FIFTH AVE. LLC et al., Respondents. [811 NYS2d 45]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 24, 2005, which, inter alia, denied plaintiffs' motion for an order granting them leave to serve a third supplemental bill of particulars, compelling defendants to accept their first and second supplemental bills of particulars, or, in the alternative, granting them leave pursuant to CPLR 3042 (b) to serve these two bills of particulars nunc pro tunc, compelling defendants to accept their CPLR 3101 (d) (1) expert exchange with respect to their forensic engineering expert, and granted defendants' cross motion to preclude plaintiffs from amending their bill of particulars and presenting their forensic engineering expert for testimony at trial, unanimously affirmed, without costs.

Since plaintiffs' first and second verified supplemental bills of particulars alleged new injuries and additional economic damages, the court correctly identified them as "amended," rather than "supplemental," bills, which could not be properly served without leave of court after the note of issue had been filed 1½ years earlier (CPLR 3042 [b]; *see Licht v Trans Care N.Y.*, 3 AD3d 325 [2004]; *Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271 [1999]). We note that plaintiffs attempted service of these bills two days after the court ordered no further discovery and even though the trial was scheduled to begin in less than 30 days (*see* CPLR 3043 [b]). The fact that the case was thereafter adjourned did not nullify the court order or serve to extend

the time within which further discovery could be sought or cure any defect in service. We also note that plaintiffs failed to excuse the delay in moving to amend by proffering a sufficient affidavit of reasonable excuse and an affidavit of merit. Where, as here, an amendment is sought on the eve of trial, judicial discretion should be circumspect (*Kassis*, 258 AD2d at 272), and the court in this case properly exercised its discretion in denying plaintiffs leave to amend. The new injuries alleged in the first two supplemental bills expanded not only on the extent of the continuing disability, but on the very nature of the injuries (*cf. Tate v Colabello*, 58 NY2d 84 [1983]). We also note that defendants would have been prejudiced by the amendments since they were only notified of the newly claimed injuries and business loss nine days before the scheduled trial, which would have precluded them from properly investigating the claims (*Howard v Hachigian*, 88 AD2d 1064 [1982], *appeal dismissed* 57 NY2d 955 [1982]).

The court properly precluded plaintiffs' proposed expert engineer from testifying at trial since they failed to demonstrate good cause for their delay in disclosing this witness's information and that their failure to do so until the eve of trial was not intentional (*Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271 [1999], *supra*). The court also properly precluded plaintiffs from serving their proposed third bill of particulars to allege plaintiff Wolfer's recent surgery. Although the motion was timely since the case had already been adjourned and plaintiffs served their motion within 30 days of the rescheduled trial date, the claim regarding the surgery was not a "continuing disability." Concur—Buckley, P.J., Andrias, Williams, Gonzalez and Malone, JJ. [*See* 7 Misc 3d 1007(A), 2005 NY Slip Op 50497(U) (2005).]