CHARLES DURANT et al., Respondents, v NEAL SHUREN et al., Defendants, and MICHAEL H. KAMALIAN, Appellant. [827 NYS2d 65]—

In an action to recover damages for medical malpractice, etc., the defendant Michael H. Kamalian appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 7, 2004, which denied his motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiffs and against him and for a new trial.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion which was to set aside so much of the verdict as related to postoperative treatment and care, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and a new trial is granted on the issue of postoperative treatment and care only, with costs to abide the event.

In this action to recover damages for medical malpractice, etc., the injured plaintiff alleged that the appellant, Dr. Michael H. Kamalian, during a surgical procedure, failed to properly re-attach the deltoid muscle of his right shoulder. At trial, the plaintiffs' expert testified, inter alia, that the appellant provided negligent postoperative care in permitting the plaintiff to actively move his right arm within one week after the surgery and return to his physically laborious employment a month later. The jury returned a verdict finding that the appellant did not depart from good and accepted medical practice in re-attaching the shoulder muscle but that there was a departure in permitting active movement of the shoulder within four to six weeks of the surgery and that this was a substantial factor in causing the plaintiff's injuries.

The appellant contends that the verdict should have been set aside due to the plaintiffs' failure to comply with the expert disclosure provisions of CPLR 3101 (d) (1) since the plaintiffs did not disclose the substance of their expert's new theory of liability until the eve of trial. In response, the plaintiffs contend that their expert disclosure and bill of particulars were sufficient to put the appellant on notice that they were claiming inappropriate postoperative care.

"A new trial should be granted in the interests of justice only if there is evidence that substantial justice has not been done [as] where the trial court erred in ruling on the admissibility of evidence" (*Gomez v Park Donuts,* 249 AD2d 266, 267 [1998] [citation omitted]). We agree with the appellant that the Supreme Court erred in permitting the plaintiffs' expert to testify on a new theory of liability where the plaintiffs failed to demonstrate good cause for not disclosing the substance of their expert's new theory until the day before the trial (*see Lissak v Cerabona,* 10 AD3d 308 [2004]; *Conroe v Barmore-Sellstrom, Inc.,* 12 AD3d 1121 [2004]; CPLR 3101 (d) (1) [i]). This belated addition of a new and significantly different theory of recovery substantially prejudiced the appellant, as the substance of the expert's testimony was not readily discernable from the numerous and extremely generalized allegations set forth in the bill of particulars or from the statements in the plaintiffs' original CPLR 3101 (d) response (*see Dalrymple v Koka,* 2 AD3d 769 [2003]; *Gregory v Mulligan,* 266 AD2d 344 [1999]). Under these circumstances, a new trial is warranted on the issue of the postoperative treatment and care provided by the appellant. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.