■ Valerie Reuling, Appellant, v Consolidated Edison Company of New York, Inc., et al., Defendants. Consolidated Edison Company of New York, Inc., Third-Party Plaintiff, v Tully Construction Company, Third-Party Defendant-Respondent. [11 NYS3d 53]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 21, 2015, which, inter alia, denied plaintiff's motion for leave to supplement and amend her bill of particulars, unanimously affirmed, without costs.

The decision to permit an amendment to a pleading or bill of particulars, especially on the eve of trial, is committed to the sound discretion of the IAS court (*Lissak v Cerabona*, 10 AD3d 308 [1st Dept 2004]). Here, we find the IAS court did not abuse its discretion in denying plaintiff leave to amend to add claims of injuries to her other foot. While plaintiff was aware of the injury to her left foot for more than three years, she inexplicably delayed in seeking her expert's opinion on the issue of causation and then further delayed in filing the instant motion. We note that the evidence ultimately relied upon by plaintiff's expert was developed in 2009 (the MRI) and 2011 (Dr. Fishman's report), well before the plaintiff filed her note of issue in 2012. In short, the motion was untimely.

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.