Matias v West 16th Realty LLC (2021 NY Slip Op 05086)





Matias v West 16th Realty LLC


2021 NY Slip Op 05086


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 15614/15 Appeal No. 14233 Case No. 2021-00131 

[*1]Jose Matias, Plaintiff-Appellant,
v
West 16th Realty LLC, Defendant, Grey Dog Chelsea Inc., Doing Business as The Grey Dog Resturant, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
McManus Ateshoglou Aiello & Apostolokos PLLC, New York (Brennan P. Breeland of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 7, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motions to strike plaintiff's supplemental bills of particulars, unanimously affirmed, without costs.
The court providently exercised its discretion in granting defendants' motions to strike plaintiff's supplemental bills of particulars, served more than three years after the note of issue was filed, since they alleged new injuries and additional economic damages not alleged in the original bill of particulars (CPLR 3043[b]). The supplemental bills "expanded not only on the extent of the continuing disability, but on the very nature of the injuries" (see Wolfer v 184 Fifth Ave. LLC, 27 AD3d 280, 281 [1st Dept 2006]). Accordingly, the court properly determined that the bills were amended, rather than supplemental, and could not properly be served without leave of court (CPLR 3042[b]; see Wolfer, 27 AD3d at 280; Kassis v Teachers Ins. & Annuity Assn.,258 AD2d 271 [1st Dept 1999]).
Plaintiff contends that defendants should have been aware of all his injuries when he testified extensively about the injuries described in his supplemental bills of particulars 31/2 years before filing the supplemental bills. This testimony is not part of the record on appeal. However, defendant Grey Dog Restaurant discusses the testimony in its brief, and we have taken judicial notice of the record in the prior appeal in which it is contained. Upon our review of the testimony, we find that it was not sufficient to put defendants on notice of the injuries alleged in the supplemental bills of particulars. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021