(April 7, 2016)

■ Valerie Reuling, Appellant, v Consolidated Edison Company of New York, Inc., et al., Defendants. Consolidated

EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff, v TULLY CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [30 NYS3d 605]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 21, 2015, which, inter alia, denied plaintiff's motion for leave to supplement and amend her bill of particulars, unanimously affirmed, without costs.

The decision to permit an amendment to a pleading or bill of particulars, especially on the eve of trial, is committed to the sound discretion of the IAS court (*Lissak v Cerabona*, 10 AD3d 308, 310 [1st Dept 2004]). Here, we find the IAS court did not abuse its discretion in denying plaintiff leave to amend to add claims of injuries to her left foot. While plaintiff was aware of the injury to her left foot for more than three years, she inexplicably delayed in seeking her expert's opinion on the issue of causation and then further delayed in filing the instant. motion. We note that the evidence ultimately relied upon by plaintiff's expert was developed in 2009 (the MRI) and 2011 (Dr. Fishman's report), well before plaintiff filed her note of issue in 2012. In short, the motion was untimely.

In the circumstances of this case, the motion court did not abuse its discretion in determining that third-party defendant Tully Construction Company carried its burden of showing that it would be prejudiced by a grant of plaintiff's motion (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]; *Reyes v City of New York*, 63 AD3d 615, 616 [1st Dept 2009], *lv denied* 13 NY3d 710 [2009]; *Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271, 272 [1st Dept 1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.

The decision and order of this Court entered herein on June 9, 2015 (129 AD3d 479 [2015]) is hereby recalled and vacated (*see* 2016 NY Slip Op 69501[U] [2016] [decided simultaneously herewith]).