■ 17 EAST 96TH STREET OWNERS CORP., Appellant, v MADISON 96TH STREET ASSOCIATES, LLC, Respondent, et al., Defendant. (And a Third-Party Action.) [39 NYS3d 794]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 8, 2015, which denied plaintiff's motion for leave to serve and file a third amended complaint, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion by denying plaintiff leave to amend its complaint on the eve of trial (see Reuling v Consolidated Edison Co. of N.Y., Inc., 138 AD3d 439 [1st Dept 2016]). There is no evidence in the record to suggest that defendant's conduct rose to the level of warranting the imposition of punitive damages (see Walker v Sheldon, 10 NY2d 401, 405 [1961]). Furthermore, insofar as plaintiff seeks to add a claim for disgorgement of profits, the court correctly determined that profits realized by defendant are not the proper gauge of damages in a trespass action, and that the proper measure is the lesser of the decline in market value and

the cost of restoration (*see Jenkins v Etlinger*, 55 NY2d 35, 39 [1982]). Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.