Madison 96th Assoc., LLC v 17 E. 96th Owners Corp. (2019 NY Slip Op 03735)





Madison 96th Assoc., LLC v 17 E. 96th Owners Corp.


2019 NY Slip Op 03735


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9305 601386/03 108695/04

[*1]Madison 96th Associates, LLC, Plaintiff-Respondent,
v
17 East 96th Owners Corp., Defendant-Appellant.
17 East 96th Owners Corp., Plaintiff-Appellant,
v
Madison 96th Associates, LLC, et al., Defendants-Respondents.


Rosenberg Calica & Birney LLP, Garden City (Robert M. Calica and Judah Serfaty of counsel), for appellant.
Schoeman Updike Kaufman & Gerber LLP, New York (Charles B. Updike of counsel), for Madison 96th Associates, LLC, respondent.
Gartner & Bloom, PC, New York (Alexander D. Fisher of counsel), for 21 East 96th Street Condominium, respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about May 9, 2018, which, to the extent appealed from as limited by the briefs, having reverse bifurcated the consolidated actions and ordered a trial of damages on the parties' claims of trespass to be followed by a trial of liability on 17 East's claim, after a nonjury trial of damages, awarded Madison damages in the amount of $800,000 and conditionally awarded 17 East $2 in nominal damages, unanimously affirmed, without costs.
The trial court providently exercised its discretion in directing a trial of 17 East's damages before a trial of liability (see CPLR 603). The court may have concluded that ascertaining the quantum of 17 East's damages would increase settlement prospects and obviate the need for a lengthy trial on liability. The court also providently permitted 17 East to present some evidence pertaining to liability at the damages trial, despite Madison's concession that its underpinning encroached on 17 East's property (see CPLR 4011).
The court correctly concluded that the measure of Madison's damages was the difference between the purchase price its predecessor in interest (the seller) obtained in the initial sale agreement and the subsequent reduced price (see 17 E. 96th Owners Corp. v Madison 96th St. Assoc., LLC, 144 AD3d 452, 452-453 [1st Dept 2016]). The buyer's principal and the seller's attorney both testified that the sale would have closed at the initial $8 million price but for 17 East's refusal to remove air conditioners in its building that were encroaching on Madison's airspace. The court also credited these witnesses' testimony that the encroachment limited the buildable space and that the litigation risk and delay warranted the 10% price reduction (see Wong v Hsia Chao Yu, 160 AD3d 549, 550 [1st Dept 2018] [court's credibility determinations in nonjury trial are entitled to great deference]).
Contrary to 17 East's claim, in computing Madison's damages, the court did not assume that the trespass continued into the future; the calculation was based on the buyer's testimony that he agreed to pay the reduced price because of a prior judicial ruling that the air conditioners [*2]had to be removed. Moreover, if the damages were measured at the time the action was filed, the seller would be entitled to $8 million, because by that time the potential buyer had decided not to pursue the purchase on account of the air conditioners.
17 East failed to demonstrate that the de minimis encroachment of Madison's underpinning onto its yard resulted in any injury to it, and its claim that the encroachment might diminish the value of the real property to a future developer is speculative.
17 East failed to show that it should be reimbursed for costs incurred subsequent to the construction of the underpinning, since its witness testified that it sustained no damages from the underpinning and that the underpinning should not be removed. Moreover, as the court noted, the invoices submitted by 17 East indicate that some of the charges relate to litigation support, which is not compensable.
We have considered 17 East's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK