Cruz v Sharkey's Trucking Corp. (2021 NY Slip Op 01841)





Cruz v Sharkey's Trucking Corp.


2021 NY Slip Op 01841


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 300815/12 Appeal No. 13424 Case No. 2019-5420 

[*1]Carlos A. Cruz, Plaintiff-Appellant,
v
Sharkey's Trucking Corp. et al., Defendants-Respondents.


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Marshall, Dennehey, Warner, Coleman & Goggin, P.C., New York (Peter S. Read of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about May 30, 2019, which denied plaintiff's motion to amend his bill of particulars, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion to amend his bill of particulars on the ground of prejudice to defendants resulting from the extended delay in seeking leave to amend (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). Plaintiff failed to explain his delay in moving to amend after serving his original and two supplemental bills of particulars (see Reuling v Consolidated Edison Co. of N.Y., Inc., 138 AD3d 439 [1st Dept 2016]; Henchy v VAS Express Corp., 115 AD3d 478, 479-480 [1st Dept 2014]), none of which mentioned a head injury, brain injury, cognitive defects, personality changes, or depression resulting from the accident (Lopez v City of New York, 80 AD3d 432, 433 [1st Dept 2011]). Nor did the portion of plaintiff's deposition testimony describing headaches and forgetfulness place defendants on notice that plaintiff would assert these new injuries six years later (see Biondi v Behrman, 149 AD3d 562, 564 [1st Dept 2017], lv dismissed in part, denied in part 30 NY3d 1012 [2017]). Given the time that has passed since the incident, defendants effectively have been prevented from conducting a meaningful medical examination (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]). Similarly, the court properly found that the proposed amendments lack merit, as, among other things, plaintiff proffered no "contemporaneous objective evidence of injury" (Henchy, 115 AD3d at 479-480).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021