■ RUSSELL C. CLARK, JR., Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [777 NYS2d 450]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 5, 2003, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We affirm the grant of summary judgment dismissing the complaint on the ground that the record establishes that neither defendant received actual or constructive notice of the elevator door malfunction that led to plaintiff's injury. With regard to defendant elevator maintenance contractor (Start), the deposition testimony of Start's employee establishes that Start, whose contract to maintain the subject elevator began only one day prior to the accident, did not receive notice of the subject defect before the accident occurred, and the record contains no evidence to the contrary. With regard to defendant New York City Housing Authority (NYCHA), the evidence submitted by NYCHA was, contrary to the motion court's view, sufficient to establish that NYCHA had neither actual nor constructive notice of the door malfunction prior to the accident (*see De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 936-937 [2003]; *Tashjian v Strong & Assoc.*, 225 AD2d 907, 908-909 [1996]). While plaintiff and his father allege that prior complaints were made to NYCHA personnel concerning the malfunctioning doors, such allegations are too conclusory to raise a triable issue of fact (*see Carlos v New Rochelle Mun. Hous. Auth.*, 262 AD2d 515, 516 [1999]). Finally, the affidavit of plaintiff's elevator repair expert failed to raise a triable issue as to whether the repairs that were made to the elevator a few

days prior to the accident were related to the malfunction that caused plaintiff's injuries (*see Nivens v New York City Hous. Auth.*, 246 AD2d 520, 521 [1998], *lv denied* 92 NY2d 805 [1998]).

In view of the foregoing, we need not reach plaintiff's remaining arguments. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.