■ BARBARA LANCE, Appellant, v DEN-LYN REALTY CORP., Respondent. [922 NYS2d 362]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 10, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she sustained injuries when she stepped on a stair of an apartment building staircase and a piece of the stair broke off, causing her to fall. The trial court properly found that the defendant building owner established prima facie that it did not have notice of the alleged defect based on plaintiff's testimony that she never noticed any defect in the particular stair or that section of the staircase, although she used it every day, and the testimony and affidavit of the building manager, who indicated that he had never received complaints or otherwise been notified of such a defect (*see Metling v Punia & Marx*, 303 AD2d 386, 387 [2003] [defendants met initial burden as to notice by relying on sworn statements of plaintiff and building manager]).

Because the alleged defect was not visible and apparent, it could not give rise to constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Further, constructive notice could not be established on a "recurrent condition" theory based on plaintiff's testimony that she had observed between 20 and 25 "loose stairs" in the building's staircases during her five years of residency but could not say whether any of them were in the area where she fell. The recurring condition must occur in the area of the accident to give rise to the inference of constructive notice that the condition existed

at the time of the accident (*see e.g. Colbourn v ISS Intl. Serv. Sys.*, 304 AD2d 369 [2003] [issue of fact regarding constructive notice where there was evidence of recurrent leaky ceiling that dripped water where plaintiff fell]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994] [" 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall"]).

As the trial court concluded, the opinion letter submitted by plaintiff's expert, an engineer, based only on review of plaintiff's affidavit and bill of particulars, as well as photographs of the stairway allegedly taken after it was repaired, did not raise triable issues of fact (*see Reed v Piran Realty Corp.*, 30 AD3d 319 [2006], *lv denied* 8 NY3d 801 [2007]). Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.