■ SANDRA FERNANDEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [924 NYS2d 43]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 11, 2010, which, in an action for personal injuries allegedly sustained when a desk drawer fell on plaintiff police officer's knee and foot as she worked at a desk at the precinct, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a

matter of law by showing that they could not have known that the track of the drawer was not secured or that the drawer was likely to fall. The evidence demonstrated that the drawer had never fallen off before, and there was no suggestion that other desks had similarly defectively secured tracks that might cause a drawer to fall off. Thus, defendants did not have notice of any defective or unsafe condition necessary to sustain either a General Municipal Law § 205-e claim (cf. *Lusenskas v Axelrod*, 183 AD2d 244, 248-249 [1992], *appeal dismissed* 81 NY2d 300 [1993]), or a common-law negligence claim.

In opposition, plaintiff failed to raise a triable issue of fact. The fact that the sergeant observed after the accident that the track of the drawer was "hanging off" did not establish notice, as the condition of the track mounting was only visible after the drawer fell, and there was no prior indication that the drawer was at risk of falling as might require an inspection of the tracks.

Contrary to plaintiff's contention, a triable issue of fact is not raised based upon the doctrine of res ipsa loquitur as none of the requisite elements are present under the circumstances (*see generally Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]).

Plaintiff has waived her claim that defendants' failure to produce "legible" photographs of the underside of the desk after the accident required an adverse inference that such photographs would have provided notice. The record shows that she was aware of the photographs yet filed a note of issue certifying that discovery was complete (*see Escourse v City of New York*, 27 AD3d 319 [2006]). In any event, the photographs would not have been probative as to notice, since the track was not visible until after the drawer fell. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ. **[Prior Case History: 27 Misc 3d 1207(A), 2010 NY Slip Op 50609(U).]**