■ NATHANIEL ROBINSON, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [932 NYS2d 337]—

Plaintiff's cross motion to amend his complaint and bill of particulars to assert a claim under Multiple Dwelling Law § 62 was untimely since the claim is based on a theory not previously advanced and the applicable statute of limitations has expired (*see* CPLR 203 [f]). The new theory went beyond mere amplification of the pleadings, constituting a new, distinct, and independent theory of liability (*Lopez v New York City Hous. Auth.*, 16 AD3d 164, 165 [2005]). In any event, even had plaintiff timely asserted this claim, Multiple Dwelling Law § 62 is inapplicable here where the structure from which plaintiff allegedly fell was an overhang, not a roof, terrace, or other structure under the ambit of Multiple Dwelling Law § 62.

Furthermore, NYCHA established its entitlement to judgment as a matter of law by establishing that it had no notice of any defective or unsafe condition necessary to sustain a General Municipal Law § 205-e claim based on either Multiple Dwelling Law § 78 or § 62 (*Fernandez v City of New York*, 84 AD3d 595, 596 [2011]). For the same reason, the motion court properly dismissed the common-law negligence claim. Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.