■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWIN QUEZADA, Respondent. [993 NYS2d 496]—Order, Supreme Court, Bronx County (Denis J. Boyle, J.), entered on or about January 17, 2013, which granted defendant's CPL 440.10 motion to vacate a judgment of conviction rendered November 18, 1997, unanimously reversed, on the law, and the judgment reinstated.

The judgment of conviction was vacated under *Padilla v Kentucky* (559 US 356 [2010]). However, it has since been decided that the rule announced in *Padilla* will not be accorded retroactive application in this state to cases which became final on direct review prior to the Supreme Court's decision (*People v Baret*, 23 NY3d 777 [2014]). Accordingly, we reverse the order granting defendant's CPL 440.10 application and reinstate the judgment. Concur—Tom, J.P., Friedman, Acosta, Moskowitz and Gische, JJ.

■ VANESSA DIPINI, Appellant, v 381 E. 160 EQUITIES LLC, Also Known as 563-569 CAULDWELL REALTY LLC, Respondent. [994 NYS2d 101]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered May 31, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff was allegedly injured when she fell down a flight of stairs in defendant's apartment building. She alleges that the accident was caused by a loose handrail that she was holding while descending the stairs. The looseness of the handrail was confirmed by the deposition of defendant's superintendent who checked it shortly after plaintiff was injured. Defendant failed to satisfy its initial burden of establishing a lack of notice of the defect inasmuch as it offered no testimony as to when the admittedly loose handrail was last inspected or repaired prior to the accident (*see e.g. Moore v 793-797 Garden St. Hous. Dev. Corp.*, 46 AD3d 382 [1st Dept 2007]). We nonetheless reject plaintiff's other theory that the allegedly worn marble tread on the stairway constituted an actionable defective condition (*see Sims v 3349 Hull Ave. Realty Co. LLC*, 106 AD3d 466, 467 [1st Dept 2013]). Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.