■ DAVID JOHNSON, Appellant, v WYTHE PLACE, LLC, Respondent, et al., Defendant. [22 NYS3d 42]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 31, 2014, which granted defendant Wythe Place, LLC's (Wythe) motion to reargue its motion for summary judgment dismissing the complaint, and upon reargument, granted the motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's General Municipal Law § 205-e claim was not barred by the companion statute to the "firefighter's rule," which imposes absolute liability where a police officer is injured in the line of duty as a result of statutory or regulatory violations (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 77-78 [2003]), since Wythe was neither plaintiff's employer nor co-employee (*see* General Obligations Law § 11-106; *Wadler v City of New York*, 14 NY3d 192, 194 [2010]).

Wythe's evidence established that it lacked actual or constructive notice of the alleged defective condition of the step on which plaintiff fell. The superintendent's deposition testimony and affidavit, and the affidavit of a member of the building management company established that there were no prior repairs, complaints, or reports of prior incidents involving the same step (*see Clark v New York City Hous. Auth.*, 7 AD3d 440 [1st Dept 2004]). Nor was there any evidence of any violations or citations issued regarding the staircase.

As to constructive notice, Wythe's superintendent of the building testified that he had cleaned the steps at 7:00 a.m. on the morning of plaintiff's accident, and did not observe any crack or caving in of the step (*see Rodriguez v New York City Hous. Auth.*, 102 AD3d 407, 407-408 [1st Dept 2013]; *Sabalza v Salgado*, 85 AD3d 436, 437-438 [1st Dept 2011]). Plaintiff's own testimony, that he did not see the crack as he walked up the stairs just minutes before the accident, indicates that the alleged defective condition was not "visible and apparent" so as to give rise to constructive notice (*see Lance v Den-Lyn Realty*

*Corp.*, 84 AD3d 470 [1st Dept 2011]). Further, the photographs in the record do not raise an issue of fact, as they do not show how deep the crack was. From the photograph, it is difficult to discern anything more than a superficial marking or surface scratch.

Although Wythe "conceded constructive notice that the tread of the fifth step was worn," the record does not establish that the worn marble tread here is an actionable defective condition (*see DiPini v 381 E. 160 Equities LLC*, 121 AD3d 465 [1st Dept 2014]; *see generally Carrion v Faulkner*, 129 AD3d 456 [1st Dept 2015]). The photographs of the step show at most, ordinary wear and tear (*see Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 110-111 [1st Dept 2006]).

Supreme Court properly dismissed plaintiff's General Municipal Law § 205-e claim predicated upon Administrative Code of City of NY § 27-375 (e) (2), since plaintiff never attributed his accident to conditions involving the step riser heights and tread width (*see Raghu v New York City Hous. Auth.*, 72 AD3d 480, 482 [1st Dept 2010]). The claims predicated upon Administrative Code §§ 27-375 (h) and 28-301.1 were also properly dismissed, even though Wythe did not satisfy its burden of showing that the building was not substantially altered within the meaning of Administrative Code § 27-115, since a section 205-e claim cannot be maintained in the absence of notice (*see Fernandez v City of New York*, 84 AD3d 595, 596 [1st Dept 2011]). For this same reason, dismissal of plaintiff's section 205-e claim predicated upon sections 78 (1) and 52 (1) of the Multiple Dwelling Law was warranted (*see Robinson v New York City Hous. Auth.*, 89 AD3d 497 [1st Dept 2011]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ. ▇