■ ANTHONY GARGUILO, Appellant, v PORT AUTHORITY OF NEW YORK & NEW JERSEY et al., Respondents. [30 NYS3d 3]—

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 10, 2015, which granted defendants' motion to dismiss the complaint, and denied plaintiff's motion to strike the answer, unanimously affirmed, without costs.

"Leave to amend pleadings, including a bill of particulars, is to be freely given, absent prejudice or surprise" (*Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). However, "[w]hen an amendment to a pleading or a bill of particulars is sought at or on the eve of trial, judicial discretion in allowing such amendment should be discreet, circum-

spect, prudent and cautious" (*Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271, 272 [1st Dept 1999] [internal quotation marks omitted]).

Here, plaintiff was not entitled to amend the bill of particulars on the eve of trial, after approximately seven years of litigation, since the photographs serving as the basis for the amendment were not newly available to plaintiff. Moreover, the proposed amendment, including changing the date of the accident, would have resulted in prejudice to defendants (*see Lopez v City of New York*, 80 AD3d 432 [1st Dept 2011]; *Baby Togs v Faleck & Margolies*, 239 AD2d 278 [1st Dept 1997]). Accordingly, the court properly granted defendants' motion to dismiss the complaint since photographic evidence proves, and plaintiff acknowledges, that the compressor that was allegedly involved in plaintiff's accident was not even at the job site on the day alleged.

Plaintiff's motion to strike the answer was properly denied, because plaintiff did not demonstrate that defendants failed to comply with discovery (*compare Elias v City of New York*, 87 AD3d 513 [1st Dept 2011]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.