Vasquez v Nealco Towers LLC (2018 NY Slip Op 02548)





Vasquez v Nealco Towers LLC


2018 NY Slip Op 02548


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6260 150909/12

[*1]Marisol Vasquez, Plaintiff-Appellant,
v
Nealco Towers LLC, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Pillinger Miller Torallo LLP, Elmsford (Daniel O. Dietchweiler of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered August 10, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established entitlement to judgment as a matter of law by submitting evidence showing that it neither created the alleged hazardous condition of the step on which plaintiff fell nor had actual or constructive notice of it. The deposition testimony of the building superintendent and the property manager's affidavit established that there were no prior complaints or incidents involving the same step (see Johnson v Wythe Place, LLC, 134 AD3d 569 [1st Dept 2015]), and plaintiff's own testimony, that she did not see the defect as she walked up the stairs approximately 20 minutes prior to the incident, indicates that the alleged defective condition was not visible and apparent so as to constitute constructive notice (id.).
In opposition, plaintiff failed to raise a triable issue of fact. The evidence failed to show a specific recurring condition that was routinely left unremedied by defendant, as a opposed to a general awareness of such a condition, for which defendant would not be liable (see Rodriguez v New York City Hous. Auth., 102 AD3d 407, 408 [1st Dept 2013]). Plaintiff's argument that inadequate lighting in the staircase was a proximate cause of her fall is unavailing, since she testified that she slipped because of the defect on the stairs, not because of inadequate lighting (see Sarmiento v C & E Assoc., 40 AD3d 524, 526 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK