Otero v Walton Ave. Assoc. LLC (2018 NY Slip Op 08083)





Otero v Walton Ave. Assoc. LLC


2018 NY Slip Op 08083


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7710N 302011/14

[*1] Iris Otero, Plaintiff-Appellant,
v
Walton Avenue Associates LLC, et al., Defendants-Respondents.


Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York (Howard Schatz of counsel), for appellant.
Lesch & Lesch, P.C., Smithtown (Beth S. Gereg of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 31, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to amend the complaint and bill of particulars, unanimously affirmed, without costs.
Plaintiff alleges that she slipped and fell on rainwater that came in through negligently maintained windows in the hallway of defendants' building. In support of her motion to amend, plaintiff stated that she originally alleged that the accident occurred on October 13, 2012, but that after reviewing her medical records she realized that she was mistaken and that the accident actually occurred on August 15, 2012, the day before she sought treatment at the hospital.
The motion court providently exercised its discretion in denying plaintiff's motion, as defendants demonstrated that the delay in notifying them that plaintiff had incorrectly identified the date of the accident prejudiced their ability to investigate the incident and to defend the action using surveillance videotapes of the hallway (see Garguilo v Port Auth. of N.Y. & N.J., 137 AD3d 708, 709 [1st Dept 2016], lv denied 28 NY3d 905 [2016]; Davis v New York City Tr. Auth., 234 AD2d 153 [1st Dept 1996]; CPLR 3025[b]). Defendants showed that, after learning of plaintiff's claim, they retrieved surveillance tapes of the alleged accident date of October 13th, which showed that no accident occurred on that date, but that they were no longer able to retrieve videotapes from August 2012 by the time plaintiff informed them of the claimed error in the pleadings. Furthermore, the August 2012 hospital record plaintiff relies upon reflects that she sought treatment from a podiatrist for an unrelated foot condition, and does not reference any fall the
previous day (compare Dockery v UPACA Site 7 Assoc., LP, 148 AD3d 580 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK