Henry v Storage Post (2020 NY Slip Op 02112)





Henry v Storage Post


2020 NY Slip Op 02112


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11309 24000/14E

[*1]Eileen Henry, Plaintiff-Respondent,
v
Storage Post, Defendant-Appellant.


Molod Spitz & DeSantis, P.C., New York (Alice Spitz of counsel), for appellant.
DeColator Cohen & DiPrisco LLP, Garden City (Carolyn M. Canzoneri of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 19, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, a New York City police officer, was injured while attempting to handcuff a tenant at defendant's storage facility who refused to leave the facility at closing time. She alleges that defendant was negligent in failing to evict the tenant before the incident occurred and, pursuant to General Municipal Law § 205-e, that defendant violated Administrative Code of City of NY § 28-301.1 by maintaining a locked door in the basement of the facility.
Defendant established prima facie that it had no duty to plaintiff to evict the tenant by submitting evidence that there was no history of prior violence on the tenant's part (see Maheshwari v City of New York, 2 NY3d 288, 297 [2004]). In opposition, plaintiff failed to raise an issue of fact whether defendant knew or had reason to know from past experience that the tenant was likely to commit misconduct (see Ortiz v Wiis Realty Corp., 66 AD3d 429 [1st Dept 2009]; Piazza v Regeis Care Ctr., L.L.C., 47 AD3d 551, 552 [1st Dept 2008]). Plaintiff testified that defendant's employee told her that he had problems with the tenant, who harassed other tenants, and had called the police twice about him, and that some tenants and staff were fearful of him. However, even if this hearsay testimony is accepted, it is insufficient to raise an issue of fact. There is no evidence that the tenant had ever attempted to assault anyone or engaged in violent behavior. Even if, as some testimony suggests, the tenant may have suffered from mental illness, this also fails to raise an issue of fact. Defendant cannot be held responsible for assessing and determining the dangerous propensities of mentally ill tenants or for exercising control over them (see Gill v New York City Hous. Auth., 130 AD2d 256, 262 [1st Dept 1987]).
Defendant established prima facie that it is not liable to plaintiff under General Municipal Law § 205-e by submitting evidence that it did not violate Administrative Code § 28-301.1 (see Gammons v City of New York, 24 NY3d 562, 570 [2014]). Defendant demonstrated that the door to the basement was in good working order and did not violate any applicable laws, rules or regulations. Even if plaintiff's hearsay testimony that the door was locked from the inside is accepted, it is insufficient to raise an issue of fact, since plaintiff cited no applicable law, rule or regulation mandating that the basement door be unlocked. Plaintiff's contention that issues of [*2]fact exist whether the locked door delayed the back-up officers in reaching her is unavailing for the same reason.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK