Silber v Sullivan Props., L.P. (2020 NY Slip Op 02538)





Silber v Sullivan Props., L.P.


2020 NY Slip Op 02538


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11424 160664/15

[*1]Elliot Silber, Plaintiff-Appellant,
v
Sullivan Properties, L.P., Defendant-Respondent.


Law Office of Bryan J. Swerling, P.C., New York (Bryan J. Swerling of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for respondent.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered March 4, 2019, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to amend the bill of particulars, unanimously affirmed, without costs.
In this personal injury action, plaintiff, a tenant in defendant's walk-up building, alleged that he sustained injuries while ascending the exterior stoop of defendant's building on a rainy day. In his verified bill of particulars, plaintiff alleged that the accident was due to defendant's negligence in causing and allowing the building's entrance to be in an excessively wet, slippery, and hazardous condition. Plaintiff testified that, he did not see what had caused him to slip, either before or after he fell, but he believed the cause was the slippery marble door saddle at the top of the stairs coupled with the wet surface from the rain.
Defendant made a prima facie showing that there was no dangerous condition in existence when plaintiff slipped and fell, and that it was therefore entitled to summary judgment
(Ceron v Yeshiva Univ., 126 AD3d 630, 632 [1st Dept 2015]). Plaintiff's mere speculation about causation is inadequate to sustain a cause of action (DaSilva v KS Realty, L.P., 138 AD3d 619, 620 [1st Dept 2016]). Even if plaintiff was unsure as to the cause of the accident, the record shows that defendant lacked notice of the existence of any dangerous condition (see Waiters v Northern Trust Co. of N.Y., 29 AD3d 325, 327 [1st Dept 2006]; see e.g. Perez v Abbey Assoc. Corp., 103 AD3d 573 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. First, plaintiff's expert opinion was conclusory and speculative, since he did not take measurements of the coefficient of friction of the stairwell or conduct any other tests to show that the combination of the rainwater and marble surface was a hazardous condition (see Edwards v Levy, 175 AD3d 1193, 1194 [1st Dept 2019]). Further, plaintiff's expert "improperly raised, for the first time in opposition to the summary judgment motion, a new theory of liability" concerning alleged violations of the 1968 Building Code "that had not been set forth in the complaint or bill[] of particulars" (see Abalola v Flower Hosp., 44 AD3d 522, 522 [1st Dept 2007]).
We find that the court did not improvidently exercise its discretion in denying plaintiff's cross motion, filed about two months after plaintiff opposed defendant's summary judgment motion, to amend the bill of particulars. Plaintiff did not submit an affidavit or any other admissible evidence to show a reasonable excuse in moving to amend the bill of particulars about three months after the note of issue was filed and three years after the action was commenced (see Dimoulas v Roca, 120 AD3d 1293, 1296 [2d Dept 2014]; Cintron v New York City Tr. Auth., 77 AD3d 410, 410-411 [1st Dept 2010]). Further, the violations plaintiff sought to add to the original bill of particulars - that defendant violated the 1968 Building Code on the basis that the handrails, the riser heights, and the tread widths did not comply with the Code and contributed to the accident - constituted untimely substantive additions to the theory of the case, warranting denial of the motion (see Garguilo v Port Auth. of N.Y. & N.J., 137 AD3d 708, 708 [*2][1st Dept], lv denied 28 NY3d 905 [2016]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK