Stovall v Lenox Hill Hosp. (2021 NY Slip Op 07074)





Stovall v Lenox Hill Hosp.


2021 NY Slip Op 07074


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 152860/17 Appeal No. 14865-14865A Case No. 2021-01390 2021-01391 

[*1]Felicia Stovall, Plaintiff-Appellant,
v
Lenox Hill Hospital, Defendants-Respondent. Case Nos.


Sacco & Fillas, LLP, Astoria (Albert R. Matuza, Jr., of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Orders, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 26, 2020, and on or about October 23, 2020, which, respectively, granted defendant's motion for summary judgment dismissing the complaint and denied as moot plaintiff's cross motion for spoliation sanctions, and denied as moot plaintiff's motion for leave to amend her bill of particulars, unanimously affirmed, without costs.
Defendant established prima facie that there was no defective or hazardous condition at the premises by showing that plaintiff had abandoned that claim (see Rudner v New York Presbyt. Hosp., 42 AD3d 357 [1st Dept 2007]). In opposition, plaintiff failed to raise an issue of fact. Her "supplemental" bill of particulars asserting a new theory of liability was in fact an amended bill of particulars, and is a nullity since it was served post note of issue, after defendant filed its motion, and without leave of court (see Gaisor v Gregory Madison Ave., LLC, 13 AD3d 58, 59-60 [1st Dept 2004]). In any event, a new theory of liability that was not pleaded in the complaint and is raised for the time in opposition to a motion for summary judgment should not be considered (Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]).
In support of her motion to amend the bill of particulars, plaintiff failed to submit an affidavit or other evidence demonstrating a reasonable excuse for moving for this relief approximately six months after the note of issue was filed and three years after the action was commenced (see Silber v Sullivan Props., 182 AD3d 512, 513 [1st Dept 2020]; Wolfer v 184 Fifth Ave. LLC, 27 AD3d 280, 281 [1st Dept 2006]). Further, plaintiff sought to add an untimely new theory of liability grounded in medical malpractice (see Silber, 182 AD3d at 513).
In view of the foregoing, plaintiff's cross motion for spoliation sanctions for the loss of surveillance video is moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021