Bawa v JJ Operating Inc. (2025 NY Slip Op 00186)

Bawa v JJ Operating Inc.

2025 NY Slip Op 00186

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 25293/17 Appeal No. 3500 Case No. 2023-06038 

[*1]Tanko Bawa, Plaintiff-Appellant,
v
JJ Operating Inc., et al., Defendants-Respondents.

JJ Operating Inc., et al., Third-Party Plaintiffs-Respondents,
v
Lola Jeans, Inc., et al., Third-Party Defendants.

Edelman, Krasin & Jaye, PLLC, Westbury (Kara M. Rosen of counsel), for appellant.
Varvaro, Cotter, Bender & Walthall, White Plains (Joseph Varvaro of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 19, 2023, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for partial summary judgment and motion to amend the bill of particulars, unanimously affirmed, without costs.
Plaintiff alleges that, while employed in a retail store that rented space in a building owned and managed by defendants, he fell while descending a wooden staircase from a loft area to the floor of the store. Plaintiff testified that he fell after stepping on merchandise and other debris kept on the stairs, and there was no handrail for him to grab onto as he fell. He also alleged that the treads failed to comply with building code provisions.
Defendants established their entitlement to judgment as a matter of law by demonstrating that they were out-of-possession landlords with no obligation to maintain the handrail and treads of the staircase. The lease imposed the obligation to maintain and repair the nonstructural portions of the demised premises on the tenant, and, although the lease granted defendants the right to re-enter to make repairs, the stairway condition was not a significant structural or design defect that was contrary to a specific statutory safety provision (see Souma v Third Ave. Realty Mgt., Inc., 204 AD3d 622, 622 [1st Dept 2022]; Sapp v S.J.C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 528 [1st Dept 2017]). The statutory provisions cited by plaintiff do not apply to the type of stairs on which plaintiff fell, and thus, cannot serve as predicates for defendants' liability (see e.g. Podel v Glimmer Five, LLC, 117 AD3d 579, 580 [1st Dept 2014], lv denied 24 NY3d 903 [2014]; Kittay v Moskowitz, 95 AD3d 451, 452 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). Furthermore, "tread and handrail violations" pertaining to a staircase do not constitute "significant structural defects" (Podel at 580).
In opposition, plaintiff failed to raise a triable issue of fact. Although plaintiff's expert disagreed with defendants' expert concerning applicability of the code provisions, "the question whether Building Code provisions apply to a structure is an issue of statutory interpretation that the court should determine" (Lopez v Chan, 102 AD3d 625, 626 [1st Dept 2013]).
In light of the conclusion that the code provisions did not apply, the court providently denied plaintiff's motion to amend his bill of particulars to allege violations of those provisions (see Garguilo v Port Auth. of NY & NJ, 137 AD3d 708, 708-709 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025