Yanky v 2839 Bainbridge Ave. Assoc. LLC (2025 NY Slip Op 00301)

Yanky v 2839 Bainbridge Ave. Assoc. LLC

2025 NY Slip Op 00301

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 808606/21 Appeal No. 3536 Case No. 2024-01629 

[*1]Cheryl Yanky, Plaintiff-Appellant,
v
2839 Bainbridge Avenue Associates LLC et al., Defendants-Respondents. NY Community Financial, LLC Doing Business as CFSC Checks Cashed 198th, Defendant.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for appellant.
Katz & Rychik, P.C., New York (Abe M. Rychik of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about January 18, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability against defendants 2839 Bainbridge Avenue Associates LLC, Benenson Investment Company LLC, and Benenson Funding Corporation (defendants) and for summary judgment dismissing defendants' affirmative defense of comparative fault, unanimously affirmed, without costs.
Plaintiff failed to demonstrate prima facie that defendants had constructive notice of the alleged defect in the sidewalk abutting their building, since plaintiff and representatives of defendant all testified that they never noticed any sidewalk defect in the four years before plaintiff's accident. Plaintiff testified that certain photographs accurately depicted the condition in the area of her accident at the time she tripped and fell, rendering those photographs admissible (see Singh v New York City Hous. Auth., 177 AD3d 475, 475 [1st Dept 2019]). The parties' testimony and the photographs, which show a visible line or gap across the sidewalk, thus present an issue of fact as to whether the alleged sidewalk defect was sufficiently visible and apparent to permit defendant's employees to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; cf. Lance v Den-Lyn Realty Corp., 84 AD3d 470 [1st Dept 2011]). The court properly declined to consider Google map photos taken two or more years before the accident, absent any evidence that those photos represent the condition of the sidewalk on the date of the accident.
The court properly denied plaintiff's motion to strike the affirmative defense of comparative negligence. In light of plaintiff's testimony that she did not see the sidewalk because she was looking straight ahead, it is for the jury to consider whether plaintiff failed to see the sidewalk defect, thereby contributing to her accident (see Bruni v City of New York, 2 NY3d 319, 328 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025