G & Y Maintenance Corp. v 540 W. 48th St. Corp. (2025 NY Slip Op 00481)

G & Y Maintenance Corp. v 540 W. 48th St. Corp.

2025 NY Slip Op 00481

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 652108/20 Appeal No. 3607 Case No. 2024-04526 

[*1]G & Y Maintenance Corp., Plaintiff-Respondent,
v
540 West 48th St. Corp., et al., Defendants, Core Continental Construction LLC, et al., Defendants-Appellants.

Levine Singh, LLP, Hicksville (Brian M. Levine of counsel), for appellants.
Law Office of J.G. Toth, Flushing (Jerry Toth of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about April 2, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to amend the amended complaint to add causes of action for fraudulent conveyance under Debtor and Creditor Law § 273 (third cause of action), fraudulent conveyance under Debtor and Creditor Law § 274 (fourth cause of action), fraudulent conveyance under Debtor and Creditor Law § 275 (sixth cause of action), and breach of contract (ninth cause of action), unanimously modified, on the law, to deny the amendment as to the third, fourth, and sixth causes of action, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in allowing the amendment to add the cause of action for breach of contract, as limited by the court to two paragraphs in the parties' agreement. The proposed cause of action sufficiently pleads the elements of breach of contract (see Red Oak Fund, L.P. v MacKenzie Partners, Inc., 90 AD3d 527, 528 [1st Dept 2011]; see also MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
However, the court should not have granted leave for plaintiff to assert the fraudulent conveyance causes of action. Neither party disputes that those claims are barred by the six-year statute of limitations (CPLR 213[1]) unless the relation-back doctrine applies (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 530 [1st Dept 1999]). We reject plaintiff's argument that it satisfied the requirements of the relation-back doctrine under CPLR 203(c) (see Buran v Coupal, 87 NY2d 173, 178 [1995]). The new fraudulent conveyance claims arise from different facts and implicate different duties from the ones previously raised, and therefore go beyond mere amplification of the pleadings (see e.g. Lang-Salgado v Mount Sinai Med. Ctr., Inc., 157 AD3d 532, 533 [1st Dept 2018]; Robinson v New York City Hous. Auth., 89 AD3d 497, 497 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025