Cutrone v Cruz (2025 NY Slip Op 00907)

Cutrone v Cruz

2025 NY Slip Op 00907

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 35092/19 Appeal No. 3722 Case No. 2024-01673 

[*1]Elizabeth Cutrone, Plaintiff-Appellant,
v
Jose Cruz, Defendant-Respondent.

Decolator, Cohen, & Diprisco, LLP, Garden City (Carolyn M. Canzoneri of counsel), for appellant.
The Gold Law Firm, P.C., Bellmore (Karen C. Higgins of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul J. Alpert, J.), entered March 7, 2024, which granted defendant's motion for summary judgment dismissing the second cause of action under General Municipal Law § 205-e, precluded plaintiff from relying on referenced codes, statutes, and safety regulations in support of her negligence cause of action, and denied plaintiff's cross-motion to strike defendant's answer for failure to disclose expert witness information or preclude the expert's report, unanimously modified, on the law, to deny defendant's motion, and otherwise affirmed, without costs.
The court providently denied plaintiff's cross-motion, as CPLR 3212(b) expressly authorizes consideration of an expert affidavit on a summary judgment motion even though the expert was not previously disclosed pursuant to an expert exchange demand.
Plaintiff, a police investigator, raised a triable issue of fact as to her second cause of action under General Municipal Law § 205-e. Plaintiff raised factual issues to support a finding that the ladder from which she fell was an extension of the fire escape system at the back of defendant's building and that defendant failed to comply with certain specific requirements of the New York City Fire Code (NY City Fire Code [Administrative Code of City of NY tit 29, ch 10] § FC 1027 [means of egress]), including, e.g., § 1027.7.1 ("[a]ll fire escape components shall be painted or otherwise protected from deterioration"), and that such condition, i.e., a bent metal step, which defendant was aware of prior to the accident, amounted to an impediment of plaintiff's safe use of the shed ladder during a police investigation (see Giuffrida v Citibank Corp., 100 NY2d 72, 79 [2003]).
As for plaintiff's General Municipal Law § 205-e claim predicated on Administrative Code of City of NY § 28-301.1, defendant admitted his prior awareness of the bent metal step on the ladder, such that notice was not an issue (see Johnson v Wythe Place, LLC, 134 AD3d 569, 570 [1st Dept 2015]). To establish prima facie entitlement to summary dismissal of the claim predicated on Administrative Code § 28-301.1, defendant had to show that the condition was not defective and that it did not violate any applicable laws, rules or regulations (see Henry v Storage Post, 181 AD3d 543 [1st Dept 2020]). Even assuming, without deciding, that defendant made a prima facie showing, plaintiff's expert raised triable issues of fact as to whether defendant violated the New York City Fire Code's means of egress provisions applicable to fire escapes and whether the violation was related to her fall and injury (see Giuffrida, 100 NY2d at 79).
The motion court properly declined to consider new code provisions identified by plaintiff's expert that were asserted for the first time in her opposition papers (see Vega v Kirschenbaum, 209 AD3d 458, 459 [1st Dept 2022]; Silber v Sullivan Props., L.P., 182 AD3d 512, 513 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER[*2] OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025