**Santana v Emerald 85-87 Vermilyea, LLC**

2025 NY Slip Op 30586(U)

February 21, 2025

Supreme Court, New York County

Docket Number: Index No. 155796/2021

Judge: Shlomo S. Hagler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. SHLOMO S. HAGLER** | PART 17 |
| *Justice* | |

--------------------------------------------------------------------------X

CRISTIAN D. SANTANA,

Plaintiff,

- v -

EMERALD 85-87 VERMILYEA, LLC and RESIDENTIAL
MANAGEMENT (NY), INC.

Defendants.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155796/2021 |
| MOTION DATE | 11/28/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for                           JUDGMENT - SUMMARY                           .

Upon the foregoing cited papers and after hearing oral arguments on March 13, 2024, May 22, 2024, and August 1, 2024, the motion of defendants Emerald 85-87 Vermilyea LLC and Residential Management (NY), Inc. (collectively referred to as "defendants") for an order pursuant to CPLR 3212 dismissing plaintiff Cristian D. Santana's ("plaintiff") complaint, is granted in its entirety.

## I.     Factual Background

On June 16, 2021, plaintiff commenced this action to recover for personal injuries he allegedly sustained from a trip-and-fall accident on a staircase of the premises located at 87 Vermilyea Ave, New York, New York (NY St Cts Elec Filing [NYSCEF] Doc No. 23, Verified Bill of Particulars). At his deposition, plaintiff testified that the accident occurred on January 1, 2021, at approximately 7:00 p.m. in a stairwell (NYSCEF Doc No. 26, tr at 29-30, 53). The accident occurred on his way down to the laundry room which is located in the basement of the building (*id.* at 57-58). He was wearing flip-flops with rubber bottoms (*id.* at 60-61). Plaintiff

**155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL**          **Page 1 of 8**
**Motion No.  001**

1 of 8

previously went down the stairs that day in the afternoon (*id.* at 57). Plaintiff took about 12 steps to the hallway to the first floor (*id.* at 67). The accident took place in the hallway, either before going down the next set of steps or on a small step before the first step (*id.* at 69). There was a handrail to his left (*id.* at 64). Plaintiff did not see the step before he fell (*id.* at 70). The accident took place at the top part of the staircase (*id.* at 73). When plaintiff stepped on the top of the staircase, the step broke and he fell down the staircase. The piece of the stair that broke fell with him (*id.* at 79, 94). Plaintiff testified that he was not holding onto the handrail to his left (*id.* at 74). Plaintiff further testified "I tried to hold on to whatever I could hold on to" (*id.* at 97). Plaintiff did not make any complaints about the location of the accident prior to the accident nor was aware of any prior complaints (*id.* at 75-76). He never observed any damage to that portion of the staircase, or any work being done to that area (*id.* at 77).

Shabse Twerski ("Twerski"), who was employed by defendant Residential Management (NY), Inc. ("Residential Management") as the property manager, testified that Residential Management managed the subject property (NYSCEF Doc No. 28, tr at 6-7). Residential Management collected the rents, staffed the property with maintenance employees, made repairs, and hired outside contractors for repairs to the property (*id.* at 8-9). Twerski testified that he physically inspected the building weekly (*id.* at 10-11). Twerski did not notice any problems with the staircase (*id.* at 15). Twerski was not aware of any prior renovations regarding the staircase (*id.* at 16). Twerski also testified that each building that he managed had a few replacement steps in the inventory in the event that a step broke, however, none of the steps in the staircase in question had to be replaced prior to the date of the accident (*id.* at 20).

**155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL**
**Motion No.  001**

**Page 2 of 8**

2 of 8

## II.    Parties' Contentions

Defendants contend that the testimony of plaintiff and the property manager establishes that they are not liable for plaintiff's alleged accident because they neither had notice of the alleged defective condition, nor did they create the alleged condition (NYSCEF Doc No. 19, Affirmation in Support of Joseph F. Pusateri, Esq. [aff] at 5).

In opposition, plaintiff argues that defendants' motion is supported only by an attorney affirmation who lacks personal knowledge of the facts (NYSCEF Doc No. 36, Memorandum of Law in Opposition of James L. Forde, Esq. [opp memo] at 5-6). Plaintiff further argues that defendants cannot rely upon unsigned, unsworn deposition transcripts to support their motion (*id.* at 6-7). Plaintiff states that triable issues of fact exist as Twerski's testimony of general inspection is insufficient, and defendants did not submit evidence of any specific maintenance activities, or evidence of when the area was last inspected before plaintiff fell (*id.* at 10). Lastly, plaintiff argues that the motion is not supported by any expert affidavit or photograph of the staircase (*id.* at 12). In support, plaintiff submits an affidavit wherein he attested that when he began to fall, he tried to hold on to the handrail and could not get his hand around the handrail to grasp it (NYSCEF Doc No. 32 ¶ 4). Additionally, plaintiff submits an affidavit from plaintiff's wife, Leydi Lopez ("Lopez"), who attested that they resided at the apartment for eight months and noticed the tiles on top of the staircase were previously broken and replaced with larger square tiles (NYSCEF Doc No. 33 ¶ 2). Lopez marked photographs of the area of the accident and identified the marble step that was loose and gave way under plaintiff's foot (*id.*). Plaintiff also submits an affidavit of Scott Silberman ("Silberman"), a professional engineer, who opined that the defects consisting of a broken nosing, narrow treads and ungraspable handrails contributed to the unsafe condition, and that the defects were violative of building codes (NYSCEF Doc No. 34 at 28). Silberman further

**155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL**
**Motion No. 001**

**Page 3 of 8**

[* 3]

3 of 8

opined that the condition of the broken and loose marble nosing was not suddenly created on the date of the accident. Silberman states that defendants had constructive notice of the dangerous condition as plaintiff's wife indicated that the marble top step of the landing was cracked and broken in several places for the entire eight month period they lived in the building (*id.*).

In reply, defendants argue that plaintiff improperly raised an issue with the handrail in his opposition, as he did not raise it in the complaint or his bill of particulars, to create a feigned issue of fact (NYSCEF Doc No. 39, Reply Affirmation of Joseph F. Pusateri, Esq. [reply aff] at 9-10). Defendants take issue with the veracity of the affidavit of plaintiff's wife as the photographs[1] which she marked after the accident and a video were never exchanged with defendants' counsel, and plaintiff did not provide the wife as a notice witness during discovery prior to the filing of the note of issue (*id.* at 11). As to plaintiff's expert, defendants argue that plaintiff failed to disclose the expert, despite their discovery demands, although his expert examined the building and the staircase on January 29, 2021 (*id.* at 13). Defendants also contend that plaintiff failed to allege any building code violations in his complaint or bill of particulars (NYSCEF Doc No. 52 at 3). Lastly, defendants assert that Twerski's deposition is sworn, certified, admissible, and can be used to support the motion (NYSCEF Doc No. 39 at 17).

## III.   Discussion

"'[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at

---

[1] At oral argument, it was determined that the photographs were exchanged in discovery.

155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL
Motion No. 001

Page 4 of 8

4 of 8

1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562).

"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see also American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). "On a summary judgment motion, facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

"A defendant who moves for summary judgment in a [trip]-and-fall action has the initial burden of making a prima facie demonstration that it neither created the dangerous condition . . . nor had actual or constructive notice of its existence" (*Ceron v Yeshiva Univ.*, 126 AD3d 630, 632 [1st Dept 2015] [citations omitted]). Defendants established prima facie that they did not have notice of the alleged defect based on plaintiff's testimony that he never noticed any defect in the particular section of the staircase, which he used every day, and the property manager's testimony, who indicated that he had never received complaints or was notified of any defect (*see Lance v. Den-Lyn Realty Corp.*, 84 AD3d 470, 470 [1st Dept 2011] ["[b]uilding owner established prima facie that it did not have notice of the alleged defect based on plaintiff's testimony that she never noticed any defect in the particular stair or that section of the staircase, although she used it every day, and the testimony and affidavit of the building manager, who indicated that he had never

155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL
Motion No. 001

Page 5 of 8

5 of 8

received complaints or otherwise been notified of such a defect"] [citation omitted]. Plaintiff's testimony that he did not observe any damage to that portion of the staircase, or any work being done to that area prior to the accident, "[i]ndicates that the alleged defective condition was not visible and apparent so as to give rise to constructive notice" (*Johnson v Wythe Place, LLC*, 134 AD3d 569, 569-570 [1st Dept 2015] [internal quotation marks and citation omitted]; *see also* NYSCEF Doc No. 26, tr at 77).

Plaintiff's argument that the deposition testimony is inadmissible are unavailing. "A movant's submission of its own deposition testimony is deemed to be an adoption of such testimony as accurate, and therefore admissible" (*Singh v New York City Hous. Auth.*, 177 AD3d 475, 475 [1st Dept 2019] [citations omitted]). "Moreover, plaintiff's submitted deposition transcript was certified, and plaintiff did not challenge its accuracy" (*id.*). Plaintiff's affidavit in opposition failed to raise a triable issue of fact because the affidavit contradicted aspects of his deposition testimony, raising feigned issues of fact (*see Friberg v City of New York*, 193 AD3d 451, 452 [1st Dept 2021] [plaintiff's affidavit stating that "[a]s he fell, he tried to grab onto something but there was nothing there, failed to raise an issue of fact as to whether the lack of handrails caused his accident since the affidavit contradicted his testimony that he fell as a result of rainwater pooling on the steps, not because of the absence of a handrail"]; *see also Luna v CEC Entertainment, Inc.*, 159 AD3d 445, 446 [1st Dept 2018] ["[p]laintiff's affidavit in opposition wherein she claimed that she tried to reach for a handrail when she fell, raised only feigned issues of fact, as it directly contradicted and appears to have been tailored to avoid her earlier testimony"]). Plaintiff's affidavit and deposition testimony are inconsistent regarding the handrails on the stairs. Plaintiff in his affidavit stated that "[a]s I began to fall, I tried to hold on to the

155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL
Motion No. 001

Page 6 of 8

6 of 8

[* 6]

handrail to my left, but could not get my hand around the handrail to grasp it" (NYSCEF Doc No. 32 ¶ 4). However, his deposition, taken before the affidavit, elicited the following testimony:

> Q: Okay. And that handrail, was it—was there any problems with that handrail that you knew of at the time of your accident?
> A: No.
>
> . . .
>
> Q: Were you holding on to that handrail to your left at the time the accident took place?
> A: I was not holding the handrail.
> Q: Were you holding on to anything at all at the time of the accident?
> A: No.
> Q: Was there a reason why you weren't holding on to a handrail at the time of the accident?
> A: No reason really. But I usually don't hold on to handrails when I go down the stairs.

(NYSCEF Doc No. 26, tr at 65, 74).

Additionally, the submission of plaintiff's wife's affidavit, a previously undisclosed notice witness, for the first time in opposition to the motion for summary judgment is improper (*see Garcia v Good Home Realty, Inc.*, 67 AD3d 424, 425 [1st Dept 2009] [citations omitted]. Lastly, this Court declines to consider plaintiff's new theory of liability regarding any building code violations, as plaintiff did not allege the handrails were a contributing factor to his accident in his complaint or bill of particulars (*see Silber v Sullivan Props., L.P.*, 182 AD3d 512, 513 [1st Dept 2020] ["[p]laintiff's expert improperly raised, for the first time in opposition to the summary judgment motion, a new theory of liability concerning building violations . . . that had not been set forth in the complaint or bill of particulars"]) [citations omitted]. Since plaintiff's opposition papers are insufficient, plaintiff has failed to raise an issue of fact in opposition to defendants' prima facie showing.

Accordingly, it is hereby

**155796/2021 CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL**
**Motion No. 001**

Page 7 of 8

7 of 8

[* 7]

ORDERED that motion for summary judgment pursuant to CPLR 3212 of defendants Emerald 85-87 Vermilyea LLC and Residential Management (NY), Inc. is granted in its entirety and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

| 2/21/2025 | | | | |
|---|---|---|---|---|
| DATE | | | SHLOMO S. HAGLER, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155796/2021   CRISTIAN D. SANTANA, vs. EMERALD 85-87 VERMILYEA, LLC ET AL**
**Motion No.  001**

Page 8 of 8

8 of 8

[* 8]